NORRIS, Judge.
In this appeal from the imposition of a jail term as a special condition of probation, the defendant alleges that this “conditional time” constitutes cruel and unusual punishment and will cause undue family hardship. We disagree and affirm.
Defendant was initially charged by Bill of Information with two counts of distribution of marijuana to an undercover agent.[1] Although he initially pled not guilty to both counts at arraignment, as a result of a plea bargain with the district attorney’s office, he withdrew that plea and entered a plea of guilty to one count of distribution of marijuana in return for the district attorney’s dismissing the second count upon the trial court’s acceptance of the plea.
After informing the defendant of the rights which he was waiving as a consequence of his plea and determining that the plea was voluntary and unqualified, the trial court accepted the guilty plea and ordered a pre-sentence investigation report. After considering the pre-sentence report, the trial court sentenced the defendant to four years at hard labor, suspended that sentence, and placed the defendant on five years supervised probation. Included among the conditions of probation were two special conditions, to-wit: (1) that the defendant serve eight months in the Bossier Parish Jail with no work time, work credit or good time credit, and (2) that upon release he enroll in and complete the substance abuse program offered by the Bossier Substance Abuse Clinic as outlined by the administrator of that program. The execution of the eight month jail term was stayed for three days to enable defendant to make arrangements for his wife and three children.
It is solely from the imposition of the eight months in the parish jail as a special condition of probation that defendant appeals contending that the imposition of this jail term constitutes cruel and unusual punishment and will cause undue hardship on his family.
Initially we note that cruel and unusual punishments are defined as those that are barbarous, extraordinary or grossly disproportionate to the offense. Imprisonment, even for long periods of time, does not constitute cruel and unusual treatment. State v. Donahue, 408 So.2d 1262 (La.1982). Although not articulated as such, what defendant is actually arguing is that the imposition of the jail term as a condition of probation under the facts of this case renders the sentence excessive. A sentence is excessive and violates the constitutional prohibition against cruel and unusual punishment when it is grossly out of proportion *376 to the severity of the crime or is nothing more than the needless imposition of pain and suffering. State v. Donahue, supra.
The maximum possible sentence for distribution of marijuana is ten years at hard labor and a $15,000 fine. Defendant was originally charged with two counts exposing him initially to the possibility of twice that sentence had he been tried and found guilty on both counts.
Our review of the record indicates that the trial court properly considered the sentencing guidelines mandated by La.C. Cr.P. Art. 894.1. In considering these guidelines, the trial court specifically addressed the contentions which defendant asserts in this appeal and took into consideration the fact that defendant was employed with a wife and three children to support. The trial court further noted that when the defendant engaged in the sale of the marijuana he was supporting his three children and their mother, and that his character and attitude indicated that he would be likely to commit another crime. However, the trial court felt that the defendant would respond affirmatively to probationary treatment, provided some corrective or punitive action was taken in connection therewith. While recognizing that the conditional time would cause a hardship to defendant’s family, the trial court found this hardship not to be excessive. In light of all these factors, as well as other considerations, the trial court imposed the conditional jail sentence.
The suspended sentence and the probationary conditions imposed are far below the maximum for the offense, and the special conditions of probation are not excessive in this case. In fact, we find that the conditions imposed are reasonably related to the defendant’s rehabilitation and the imposition of such a conditional term of imprisonment is specifically provided for by law in appropriate cases. La.C.Cr.P. Art. 895.[2] Furthermore, a trial judge has wide latitude in imposing conditions of probation. State v. Morgan, 389 So.2d 364 (La.1980); State v. Credeur, 328 So.2d 59 (La.1976).
Our review of the record in this case, leads us to conclude that the condition of probation imposing the eight month jail term is reasonable, within the trial court’s discretion and authorized under La.C.Cr.P. Art. 895.
Accordingly, defendant’s conviction and sentence are affirmed.
AFFIRMED.

. Our review of the record indicates that defendant was charged with two counts of distribution of marijuana, a Schedule II controlled dangerous substance in violation of the provisions of LRS 40:967(A) on November 9, 1981 and November 10, 1981, respectively. At the time of the commission of the offenses charged marijuana had been legislatively changed to a Schedule I drug. See La.R.S. 40:964 as amended by Act 800 of 1981, effective August 2, 1981. Therefore, defendant should have been charged under La.R.S. 40:966(A) which proscribes distribution of Schedule I drugs. Notwithstanding this technical error which has not been raised by the defendant, the indictment fairly informs the defendant of the charge against him and the defect does not prejudice him. Therefore, we do not consider this error to have any effect on the resulting plea and pretermit any discussion of it. [See State v. Dowling, 387 So.2d 1165 (La.1980)]. It is not an error patent which we consider. See La.C.Cr.P. Arts. 920(2), and 921.

. The provisions of La.C.Cr.P. Art. 895 that were in effect at the time of defendant’s sentencing on August 17, 1982, read as follows:
A.When the court suspends the imposition or execution of sentence and places a defendant on probation, it shall require the defendant to refrain from criminal conduct and it may impose any specific conditions reasonably related to his rehabilitation, including any of the following:
That the defendant shall:
(1) Make a full and truthful report at the end of each month;
(2) Meet his specified family responsibilities;
(3) Report to the probation officer as directed;
(4) Permit the probation officer to visit him at his home or elsewhere;
(5) Devote himself to an approved employment or occupation;
(6) Refrain from owning or possessing firearms or other dangerous weapons;
(7) Make reasonable reparation or restitution to the aggrieved party for damage or loss caused by his offense in an amount to be determined by the court;
(8) Refrain from frequenting unlawful or disreputable places or consorting with disreputable persons; or
(9) Remain within the jurisdiction of the court and get the permission of the probation officer before any change in his address or his employment.
B. In felony cases, an additional condition of the probation may be that the defendant shall serve a term of imprisonment without hard labor for a period not to exceed one year.
C. The defendant shall be given a certificate setting forth the conditions of his probation and shall be required to agree in writing to the conditions.
We note that this article was amended to provide for two years “conditional time,” which amendment was effective shortly after defendant was sentenced.