PONDER, Judge.
Defendant, Larry Prescott, pled guilty to two counts of negligent homicide, violations of LSA-R.S. 14:32. On the first count he was sentenced to pay a fine of $1500.00 plus court costs, or in default thereof to serve one year in the parish prison, and to be confined under the supervision of the Department of Corrections for five years. On the second count, he was sentenced to pay a fine of $1500.00, or in default thereof to serve one year in the parish prison, and to be confined under the supervision of the Department of Corrections for five years.
The incarceration was suspended and defendant was given the following special terms: one year confinement in parish prison with arrangements for serving on weekends, substance abuse evaluation and treatment at defendant’s expense, restriction against driving an automobile for three years, and payment of the fines within three years. The jail terms were to be served concurrently.
Defendant assigns as error the suspension of his driver’s license for three years as an impermissible condition under Art. 895 of the Code of Criminal Procedure. He also claims that even if the suspension is permissible, such suspension renders his sentence excessive.
We affirm.
It is true that the suspension of a driver’s license is not listed in the conditions enumerated in Article 895. However, the statute allows the imposition of “... conditions reasonably related to his rehabilitation; including any of the following: ...” We therefore find that the list thereafter is not exclusive.
We find, too, that the suspension of the license to drive an automobile for three years removes one of the elements of the crimes defendant was accused of, negligent homicide, that occurred when he was driving while intoxicated, just as the condition to submit to substance abuse evaluation and treatment would have the effect of removing another.
Defendant contends that the sentence is excessive because of the driver’s license suspension. The two counts of homicide, the tragic consequence of defendant’s conduct, the maximum sentence of five years on each count, and substance abuse by defendant convince us that the sentence was not excessive.
The argument that the suspension makes more difficult defendant’s necessity of meeting his obligations to support his family and pay the fines points up some of the difficulties of penal conditions but falls short of convincing us that the suspension of the license makes the sentence excessive.
For these reasons, the sentences are affirmed.
AFFIRMED.