HALL, Judge.
After trial by jury the defendant, Jerome Ransome, was found guilty of the crime of negligent homicide, a violation of LSA-R.S. 14:32. The defendant’s motion for a post-verdict judgment of acquittal or alternatively for a new trial was denied. He was sentenced to serve five years imprisonment at hard labor, the maximum sentence for negligent homicide.
Defendant’s appeal presents two assignments of error: (1) The trial court erred in denying the post-verdict judgment of acquittal because the evidence was insufficient to meet the Jackson v. Virginia standard, and alternatively, erred in refusing to grant a new trial because of newly discovered evidence; (2) the five-year maximum sentence was unconstitutionally excessive. Facts
During the morning of May 16, 1981, the defendant was driving his automobile southbound on U.S. Highway 65, a four-lane highway in Tallulah, Louisiana, with his three-year-old nephew riding as a passenger in the front seat. It was raining and the highway surface was wet. Defendant’s automobile crossed the yellow center line and collided with an automobile being driven northbound in the outside or easternmost lane by Mrs. Maggie Hanson, with Mrs. Beulah Laird riding in the front seat as a passenger. Mrs. Hanson and the defendant’s nephew were both killed. A blood test conducted after the accident revealed that the defendant’s blood alcohol content was .21 percent.

Assignment of Error No. 1: Denial of Motion for Post-Verdict Judgment of Acquittal and Alternatively for a New Trial

A. Sufficiency of the evidence.
Defendant argues that the evidence does not meet the standard of Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), in that the evidence was not sufficient for a reasonable trier of fact to have found beyond a reasonable doubt that the defendant’s conduct evidenced such disregard of the interest of others that his conduct was a gross deviation below the standard of care expected to be maintained under like circumstances by a reasonably careful man. The defendant argues that he drank only one beer the morning of the accident, that he was driving carefully, that as he approached the victim’s automobile it was crowding the center line of the highway, and that his automobile spun out of control when he tapped the brakes while attempting to move over into the right-hand northbound lane. The defendant essentially argues the version of the events as related by him at the trial of the case.
Contrary to the defendant’s argument, there was substantial evidence presented by the prosecution upon which a reasonable juror could have found that all of the elements of the crime of negligent homicide were proven beyond a reasonable doubt.
Negligent homicide is the killing of a human being by criminal negligence. LSA-R.S. 14:32. Criminal negligence exists when, although neither specific nor general criminal intent is present, there is *427 such disregard of the interest of others that the offender’s conduct amounts to a gross deviation below the standard of care expected to be maintained by a reasonably careful man under like circumstances. LSA-R.S. 14:12.
There- was substantial evidence from which the jury could have concluded that the defendant was driving while under the influence of alcohol to a significant degree. The blood alcohol test showed that defendant’s blood contained .21 percent alcohol. There was explanatory testimony by a criminologist concerning the blood test. An investigating officer and the coroner, who drew blood from the defendant shortly after the accident, both testified that the defendant appeared disoriented, although neither witness would-attribute his disorientation specifically to drinking as distinguished from the effects of the accident. The investigating officers testified that they smelled alcohol on the defendant’s breath. The defendant himself admitted to drinking at least five beers between 4:00 p.m. the afternoon before the accident and 2:30 a.m. the morning of the accident and one can of beer shortly before the accident. Based on the blood alcohol test the jury could have reasonably concluded that the defendant was not being truthful about the quantity of beer which he consumed prior to the accident.
The passenger in the victim’s automobile testified that when the accident occurred the victim was driving in the right-hand northbound lane. The investigating officers testified that they found gouge marks and other physical evidence indicating that the impact was in the right-hand northbound lane. From this evidence the jury could have reasonably concluded that the defendant’s version of the accident was not credible and that his automobile traveled across the center line and the empty inside northbound lane before striking the victim’s automobile in the outside northbound lane.
The testimony of witnesses and photographs in evidence show that the impact was severe. The defendant’s car came to rest off of the east side of the highway and the victim’s car was halfway in the street and halfway on the curb on the east side. The testimony of the passenger in the victim’s car was that the victim was not driving fast. From this evidence the jury could have reasonably concluded that the defendant was traveling at an excessive rate of speed under the conditions prevailing at the time of the accident.
Viewing the evidence in the light most favorable to the prosecution, it was established that the defendant was driving while intoxicated to a significant degree, that he was driving at an excessive rate of speed under the circumstances, that he lost control of his vehicle, and that he traveled across the inside lane of the northbound side of the highway before his vehicle collided with the victim’s vehicle in the outside northbound lane with substantial force. The defendant’s conduct amounted to a gross deviation below the standard of care expected to be maintained by a reasonably careful man under like circumstances. The essential elements of the crime of negligent homicide were proven beyond a reasonable doubt.
B. Newly discovered evidence.
At the hearing on the motion for a new trial defendant presented three witnesses who testified they heard Mrs. Hanson, the victim who was driving the car with which defendant’s car collided, comment shortly before the accident that she was not feeling well and did not feel like driving. The defendant testified he learned of these witnesses and their testimony only after the trial and verdict in this case.
A new trial shall be granted whenever new and material evidence that, notwithstanding the exercise of reasonable diligence by the defendant, was not discovered before or during the trial, is available, and if the evidence had been introduced at the trial it would probably have changed the verdict or judgment of guilty. LSA-C. Cr.P. Art. 851.
We are unable to perceive how the testimony of the witnesses that the driver of the other vehicle was not feeling well has any *428 probative value in this case or any reason why the testimony would have influenced or changed the jury’s guilty verdict. The trial court’s discretion was soundly exercised in denying the motion for new trial.
The defendant’s Assignment of Error No. 1 is without merit.

Assignment of Error No. 2: Excessive Sentence

The penalty for negligent homicide is imprisonment with or without hard labor for not more than five years. The district court imposed the maximum sentence of imprisonment with hard labor for five years.
La. Const. Art. 1, § 20 prohibits the imposition of excessive punishment. A sentence is excessive if it is grossly out of proportion to the severity of the crime or if it is nothing more than a purposeless and needless imposition of pain and suffering. State v. Willis, 420 So.2d 962 (La.1982). Imposition of a sentence, although within the statutory limit, may violate a defendant’s constitutional right against excessive punishment. State v. Daranda, 398 So.2d 1053 (La.1981). Sentences must be individualized to be compatible with the offenders as well as the offenses. In deciding whether to confine a defendant or to grant him probation, and in deciding on the length of the sentence, the trial court must consider certain factors enumerated in LSA-C.Cr.P. Art. 894.1. The court must state for the record the considerations taken into account and the factual basis therefor. State v. Jones, 398 So.2d 1049 (La.1981).
Maximum sentences are appropriately imposed in cases involving the most serious violations of the described offense, and for the worst kind of offender. Nothing else will justify the great sentencing discretion given the trial judge in Louisiana. State v. Jones, supra. The imposition of a maximum possible sentence usually can only be justified in extreme cases — classified as such by the factual circumstances of the offense and the apparent dangerous proclivities of the defendant. State v. Davis, 430 So.2d 680 (La.App. 2d Cir.1983).
The facts of this case do not reveal defendant’s actions to constitute the most serious type commission of the crime of negligent homicide or that the defendant is the worst kind of offender with dangerous proclivities.
At the sentencing hearing in this case the trial court commented on the proven criminal conduct committed by the defendant which established an utter disregard of the interest of others, amounted to a gross deviation below the standard of care expected of a reasonably careful person, and which brought death to another person. The court stated that to drink alcoholic beverages and operate a vehicle is serious and must be dealt with seriously. Although stating that it is difficult to predict the probability of the defendant committing other crimes, the court expressed the opinion that the defendant was in need of correctional treatment that can best be provided by commitment to an institution. The court noted that although the defendant was a first offender the serious harm he caused precludes a lesser sentence than the one imposed.
The reasons given for imposing the maximum sentence are insufficient to comply with the sentencing guidelines of LSA-C. Cr.P. Art. 894.1. The trial court’s emphasis was directed almost entirely toward the seriousness of the crime and failed to particularize the sentence to this particular defendant.
Considering the factors related to the offense, it is noted that every negligent homicide case necessarily involves criminal negligence and the death of another person. The elements that would maximize the offense would be the degree of criminal negligence and the seriousness of the consequences of that negligence. Here the consequences were maximum — the death of two persons. The degree of criminal negligence appears to be somewhat less than maximum. The defendant drove while intoxicated to a significant degree, but several witnesses who saw him shortly before the accident, including the parent of the nephew who was killed, said he did not appear to *429 be drunk. Driving while intoxicated and losing control of his vehicle amounted to criminal negligence, but it does not appear that defendant was driving in a totally or wantonly reckless manner prior to the time his vehicle went out of control. This was a serious offense, with tragic consequences, and calls for a substantial sentence that will not deprecate the seriousness -of the offense, but not the maximum.
Particularizing the sentence to the offender, the circumstances related to this particular offender are near the minimum, not the maximum. He has no prior offenses of any kind and particularly no offenses related to drinking or operating a vehicle. He only had the automobile involved in this accident for three weeks, did not have a driver’s license and apparently never had one, and at the time of sentencing had no vehicle and no license. He has had steady employment as a farmhand. Police officers who know him say he is not a troublemaker. Nothing in the record indicates any reasonable probability that the offense will be repeated. The 29-year-old defendant appears remorseful. There is no reason to believe that lengthy incarceration will aid in his rehabilitation.
The maximum sentence of five years at hard labor imposed by the trial court is unconstitutionally excessive. The sentence will be set aside and the case remanded to the district court for resentencing.

Decree

For the reasons assigned, the defendant’s conviction of negligent homicide is affirmed. The sentence imposed is set aside and the case is remanded to the district court for resentencing, including reconsideration of the Article 894.1 factors in determining the length of the sentence and whether suspension of sentence and probation is appropriate. Upon resentencing the factors taken into consideration by the district court should be articulated in detail as required by Article 894.1 C.
Conviction affirmed; sentence set aside; and case remanded for resentencing.