MARVIN, Judge.
Defendant, a former wildlife management specialist of the Louisiana Department of Wildlife and Fisheries, appeals his probated sentence conditioned on his serving one year in jail for possession of marijuana with intent to distribute. LRS 40:966. CCrP Art. 895 B. We affirm.
Defendant was initially charged with distribution of marijuana and with possession with intent to distribute. His position with the State was terminated after his arrest. He voluntarily enrolled in programs to treat his chemical dependency and substance abuse, and, some seven months later, became actively involved in Alcoholics Anonymous in his home parish. He was arrested in February 1984, pleaded guilty under a plea bargain in December (the distribution charge was dismissed), and was sentenced February 26, 1985.
Defendant does not argue that the five-year suspended sentence is excessive or that the trial court improperly weighed the aggravating and mitigating factors of CCrP Art. 894.1. Instead, defendant argues that the trial court, having found defendant’s rehabilitation to have been accomplished, exceeded its statutory authority to impose jail time under CCrP Art. 895 by imposing this punishment on defendant because the punishment is not reasonably related to defendant’s rehabilitation as the statute requires. In this context, defendant says, the punishment was not individualized and is constitutionally excessive, being nothing more than the needless imposition of pain and suffering. LSA-Const. Art. 1, § 20. State v. Bonanno, 384 So.2d 355 (La.1980); State v. Overstreet, 408 So.2d 1300 (La.1982). Defendant further asserts that imposition of jail time as a condition of probation is an abuse of the trial court’s sentencing discretion under CCrP Art. 894.
Punishment has a number of underlying theories, including prevention, restraint, rehabilitation, deterrence, education, and retribution. Each theory, in the past, had its enthusiastic adherents. In recent years, however, penologists have generally agreed that the inclusive theory rather than exclusive and competing theories, is the more correct approach. Resolution of the conflict of priorities between the theories is left to one or any combination of the legislature, judges (or juries in some states) and administrative personnel (parole and pardoning authorities). See LaFave and Scott, Criminal Law, pp. 21-25.
The legislature and the courts of Louisiana have recognized that deterrence and rehabilitation are not mutually exclusive and are legitimate objects of a sentence. See CCrP Arts. 893-902. State v. Howard, 262 La. 270, 263 So.2d 32, 35 (1972).
*649 The legislature has provided mandatory sentences for some crimes and not for others. Compare LRS 14:62 and 14:64; LRS 40:967 G(l) and (2). Under subsection A of CCrP Art. 894.1, a judge is directed to impose imprisonment under conditions (1), (2), and (3), and to consider under subsection B, in its discretion, the suspension of sentence, if other conditions, not controlling, are present.
Under CCrP Art. 895, as originally enacted, a court was authorized to suspend a sentence and place a defendant on probation on the condition that defendant refrain from criminal conduct. The court was further authorized to impose on defendant any other specific condition that was reasonably related to rehabilitation. Some judges apparently believed that the jail time was one of any unstated “specific conditions reasonably related to rehabilitation.” The Attorney General opined in 1973 that Art. 895 should not be so construed. As a consequence of that opinion, Act 211 of 1974 was adopted into law.
Restructuring and adding to Art. 895, this act reenacted the original article as part A and part C of new Art. 895:
A. When the court suspends the imposition or execution of sentence and places a defendant on probation, it shall require the defendant to refrain from criminal conduct and it may impose any specific conditions reasonably related to his rehabilitation, including any of the following:
* * * ⅜ * *
C. The defendant shall be given a certificate setting forth the conditions of his probation and shall be required to agree in writing to the conditions.
Part B of new Art. 895 was added in this language:
B. In felony cases, an additional condition of the probation may be that the defendant shall serve a term of imprisonment without hard labor for a period not to exceed two years. (Our emphasis.)
Defendant acknowledges the Official Revision Comment to Art. 895, as amended, but misconstrues what we believe is the clear language of the comment and the 1974 Act.
(a) One of the important improvements achieved by the 1960 probation law was a specification of the conditions which the court may impose in placing a convicted felon on probation. The conditions, based largely upon A.L.I. Model Penal Code, Proposed Official Draft (1962), § 301.1, serve as a valuable guide to the sentencing judge. Imposition of all of the listed conditions is not mandatory, for the above article permits imposition of any or all of the conditions. Further leeway is given the sentencing judge under the general authority to “impose any specific conditions reasonably related to” rehabilitation. (Emphasis supplied.)
5⅜ * ⅝ 5⅜ * ⅜
(c) Paragraph B permits the court of felony cases to impose as a condition of probation, a relatively brief term of imprisonment without hard labor. Some judges felt that this was permissible as a condition “reasonably related to his (the defendant’s) rehabilitation. ” However, a 1973 Opinion of the Attorney General said that, “... until the legislature amends Art. 895 to specifically allow for confinement as a condition of probation, this office is of the opinion that Louisiana courts are not authorized to provide a condition of probation to be confinement under Art. 893 or Art. 89). ”
Paragraph B. satisfied the objection and, of course, does provide specific legislative authorization to order short term confinement without hard labor as a condition of probation in felony cases. See 18 U.S.C. 3651. Official Revision Comment. Emphasis supplied.
Defendant’s argument that the imposition of jail time as a condition of probation must be reasonably related to rehabilitation found some support in the Opinion of the Attorney General before the amendment to Art. 895 in 1974. After the amend *650 ment, defendant’s argument fails because Part B expressly affords discretion to the trial court to impose jail time as an additional condition of probation in felony cases. See Comment. State v. Washington, 426 So.2d 374 (La.App.2d Cir.1983).
Part A states that a court may impose any specific conditions of probation on a defendant that are reasonably related to his rehabilitation, including any of nine listed conditions. Part B states that in felony cases, an additional condition of the probation may be that defendant shall serve jail time. Part B authorizes confinement as a condition that is additional to those conditions which may be imposed under the authority of Part A. We cannot, under any guise of statutory construction, read the statute as defendant would have us read it, that is, that Part B is nothing more than a tenth illustrative condition of Part A and that before jail time may be imposed as a condition of probation, the trial judge must find that a defendant is less than fully rehabilitated. Such a construction strains what we consider is clear legislative expression. Part B of Art. 895 is additional to Part A and the court’s discretion is not limited by the language of Part A. Other sentencing considerations of Art. 894.1(A) may be weighed by the court and jail time under Art. 895 B may be imposed where circumstances warrant. The circumstances here warrant and support the sentence complained of.
Notwithstanding that the court may have found defendant’s rehabilitation to have been “accomplished,”[1] the court further stated:
However, the law goes somewhat beyond rehabilitation in my way of looking at the law, Mr. Priestley_ The law also contemplates punishment for offenses committed and I also took that into consideration. [CCrP Art. 894.1 A(3)] As aggravating circumstances I find that your age is forty (40) and you are not a youthful offender. A large quantity seized in this particular, leading to this particular arrest. The fact that, in your own admission a moment ago, this was not a one time affair and this had been going on for some time. That although you are not an enforcement agent per se, I think your record indicates that you only made, issued two or three citations in the entire time that you were with the Department. You were a public employee and in some manner violated the public trust in your activities. Based on those stated considerations, it is the sentence of this Court ... (Emphasis and brackets supplied.)
Defendant was not a small time or casual dealer in marijuana. Information in the PSI report that supported the trial court’s comments was not challenged or contradicted. Defendant received leniency in the plea bargain. State v. Lanclos, 419 So.2d 475 (La.1982). The jail time imposed is not so disproportionate to defendant’s lengthy and extensive trafficking in marijuana as to shock our sense of justice. State v. Lodrige, 414 So.2d 759 (La.1982).
We find no error or abuse of discretion. CCrP Art. 894.1 (A)(3). Compare State v. Tully, 430 So.2d 124 (La.App.2d Cir.1983); State v. Beasley, 430 So.2d 1273 (La.App. 1st Cir.1983). Defendant’s sentence is not out of proportion to the severity of defendant’s criminal conduct and is not excessive or Unauthorized in any context.
AFFIRMED.
NORRIS, J., dissents with written reasons.

. The trial court also noted that it had received the "most letters of recommendation” on defendant ever received on any defendant and that "on paper,” defendant was the “most rehabilitated” defendant ever to appear for sentencing.