NORRIS, Judge,
dissenting.
I agree with the majority that sentencing has a number of underlying theoretical justifications. However, I contend that when a trial judge chooses the sentencing alternative of probation, he has concluded that the defendant in question meets the applicable criteria therefor and can hopefully be rehabilitated to live productively in the *651 community which he has offended against. The goal of rehabilitation has therefore been chosen and the conditions imposed in connection with probation should be reasonably related to that goal.
While I concede the majority’s scholarly analysis of LSA-C.Cr.P. 895 B is certainly plausible and will be popular, I do not agree that the “clear intent” of the legislature is quite so obvious. I believe the jail term condition of probation authorized by 895 B should be reasonably related to the selected sentencing goal of rehabilitation. In State v. Overstreet, 408 So.2d 1300 (La. 1982), the court held that the sentencing judge was justified in imposing a one year jail term condition of probation for a defendant convicted of possessing five pounds of marijuana with intent to distribute in order to assure defendant’s rehabilitation through successful probation. In State v. Washington, 426 So.2d 374 (La. App.2d Cir.1983), this court upheld an eight month jail term condition of probation for a defendant convicted of distributing marijuana because the sentencing judge found the condition necessary in order to assure that the defendant would in fact respond affirmatively to probationary treatment designed to bring about his rehabilitation. In both instances the jail term condition was “reasonably related to probation” and the selected sentencing goal of rehabilitation.
I must confess that in my seven and one-half years as a trial judge, I never had before me a defendant that I felt had, at that point, reached complete rehabilitation. However, in a situation where a sentencing judge is faced with a “completely rehabilitated defendant” who meets all the criteria for probation, chooses probation as the sentencing alternative, and imposes a substantial fine, a suspended substantial hard labor sentence and the maximum period of supervised probation, I believe a jail term condition of probation would, as a general rule, be a needless imposition of pain and suffering absent extraordinary circumstances justifying such a condition which should be fully stated for the record at the sentencing hearing. See State v. Clark, 391 So.2d 1174 (La.1980).
In the instant case, the trial judge seems to conclude that this defendant had accomplished his own rehabilitation at the time of sentencing through voluntary treatment at a substance abuse center, a halfway house and involvement in Alcoholics Anonymous. Rehabilitation is the primary purpose of probation. A probationary term is tailor-made for reintegrating the defendant into society without the necessity of prison confinement. State v. Clark, supra. If, in fact, rehabilitation has been accomplished, then I am of the opinion that the fine of $1000 plus the five year hard labor suspended sentence with five years supervised probation is sufficient punishment and not simply a “matter of grace” or “leniency.” I suspect, however, from the sentencing judge’s remark, “on paper, I feel you are the most rehabilitated person I’ve ever encountered” that the judge had lingering doubt as to defendant’s actual and complete rehabilitation and to his present ability to respond to probationary treatment. Such doubt would certainly not be unreasonable in light of defendant’s history of involvement with drugs and alcohol. If the judge felt a one year jail sentence, as a condition of probation, was necessary to impress upon defendant the seriousness of his conduct and to assure his positive response to probationary treatment and ultimate rehabilitation, then I would affirm this sentence.
Because the considerations for imposing the one year jail term condition of probation are not clear and seem to indicate the condition was imposed strictly as punishment, I would affirm the conviction and the probated sentence. However, I would set aside the one year jail term condition of probation on the basis of this record and remand to the lower court for resentenc-ing. If anyone should receive a pure probated sentence, it should be a defendant who is completely rehabilitated and meets the appropriate criteria at the time of sentencing. Otherwise, every convicted felon who is placed on probation, without exception, should receive some conditional jail *652 time as a “punishment” for violating the law.
For the foregoing reasons, I respectfully dissent.