GUIDRY, Judge.
Defendant-appellant, David C. Allen, was charged by grand jury indictment on September 24, 1986, with one count of conspiracy to commit arson with intent to defraud, a violation of La.R.S. 14:26 and 14:53, and one count of arson with intent to defraud, a *1200 violation of La.R.S. 14:53, in connection with a fire at his brother’s, Thomas Allen, home on or about September 22,1984; and, one count of conspiracy to commit arson with intent to defraud and one count of arson with intent to defraud in connection with a fire at his dwelling on or about September 27, 1985. Defendant was tried and a jury of six persons unanimously found him guilty on both counts of conspiracy and innocent on both counts of arson with intent to defraud.
A presentence investigation was ordered and, following receipt of the P.I. report, defendant was sentenced as follows: (1) on the first count of conspiracy to commit arson with intent to defraud, defendant to serve two years at hard labor and pay a fine of $1,000.00 plus all costs of court; and, (2) on the second count of the same offense, to serve two and one-half years at hard labor to run consecutively with the sentence on count one, sentence to be suspended and defendant placed on active probation for five years with the following conditions: (a) pay a fine of $1,000.00 plus all costs of court; (b) refrain from harrass-ing or threatening anyone who testified against him; (c) submit to further psychological evaluation or treatment as may be ordered by the court; (d) abide by the terms of probation provided in La.C.Cr.P. art. 895 except as may be suspended by the court; (e) pay $10.00 per month to help defray the expenses of supervision; and, (f) serve six months in the Vernon Parish jail at the discretion or pleasure of the court.
From those convictions and the sentences imposed, defendant appeals urging the following errors:
1. The trial court erred by not granting defendant’s motion to recuse Vernon Clark, assistant prosecutor in the trial of this case, prior to commencement of the trial.
2. The trial court erred by not sustaining timely objections of defense counsel to the introduction of evidence of the behavior of an alleged coconspirator without first establishing the existence of a conspiracy between the alleged co-conspirator and defendant.
3. The trial court erred by allowing Frank Word to testify, on behalf of the State, as to the substance of an anonymous telephone call.
4. The trial court erred in allowing the state to introduce evidence of oral incul-patory statements of defendant without having first established that a crime had been committed.
5. The trial court erred by not allowing the introduction in evidence of defendant's exculpatory taped and written statement obtained under interrogation at the time of his arrest.
6. The trial court erred by not allowing Dr. Milton Rhea to testify regarding defendant’s state of mind and mental capacity at the time certain oral inculpatory statements were allegedly made by defendant.
7. The trial court erred by not allowing the introduction of testimony of Detective Lariverre to corroborate the testimony of Tommy Allen.
8. The trial court erred in that the verdict of the jury in finding defendant guilty of two counts of conspiracy to commit arson with intent to defraud is not based upon sufficient evidence to support his conviction.
9. The trial court erred in that the sentences imposed are excessive and fail to conform to the required guideline for appropriate sentence.
Assignments of error numbered 3 and 5 were not briefed and are considered abandoned. See Uniform Rules — Courts of Appeal, Rule 2-12.4; State v. Landry, 502 So.2d 281 (La.App. 3rd Cir.1987), writ denied, 508 So.2d 63 (La.1987).
FACTS
In the early morning hours of September 22, 1984, a fire of undetermined origin destroyed the residence of Thomas Allen, defendant’s brother. The home was located at 415 Country Club Road, Leesville, Vernon Parish, Louisiana. For some time before the fire, Thomas Allen had been experiencing financial difficulties and during the two month period prior to the fire, he removed some of his personal property *1201 from the house and stored it at defendant’s seafood store.
A few weeks before the fire, defendant told Jack McKee, the assistant fire chief of the Leesville Fire Department, that his brother was looking for someone to set his house on fire and mentioned that Thomas Allen would be willing to pay $5,000.00. According to McKee, a few days after the fire, defendant told him that he (David Allen) had started the fire with newspapers and a candle. Defendant admitted starting the fire at his brother’s home for $1,000.00 to at least one other person, Stella Delores Taylor. After the fire, Thomas Allen filed a proof of loss with his insurance company and received compensation for his losses.
Defendant was also having financial problems. On the afternoon of September 27, 1985, he brought some personal items to his good friend, David Taylor’s, house and stated that “[i]t’s going down tonight”. Defendant admitted to Mr. and Mrs. Taylor that he had arranged for his brother to burn the house. Mrs. Taylor phoned Doug Marshall, the State Fire Marshall in the area, who along with a state trooper placed defendant’s house under surveillance. The officers watching the house observed one man enter the house, move around inside with a flashlight and* then exit. The man was apprehended and found to be defendant’s brother, Thomas Allen. When defendant’s brother was apprehended just a short distance from the house, smoke was already beginning to escape from under the roof. Thomas asked the police officers to allow him to put out the fire before it caused any damage and told Trooper Withers that the fire could be stopped by cutting off the gas supply to the house. As a result, defendant’s home did not sustain extensive damage. After being questioned by the police and released, appellant called David Taylor for a ride. On the way back to Mr. Taylor’s home, defendant admitted to him that he and his brother had been caught trying to bum the house.
ASSIGNMENT OF ERROR NO. 1
Defendant contends that the trial court erred by not granting his motion to recuse Vernon Clark as assistant prosecutor in the trial.
Defense counsel discovered just prior to trial that Clark had previously represented defendant in a bankruptcy proceeding which overlapped the time period when the offenses occurred. Defendant argues that there was a factual connection between the bankruptcy proceedings and the offenses of conspiracy to commit arson with intent to defraud, since defendant’s financial condition bore upon the intent element of the offense.
At the beginning of the trial, defendant announced that he intended to call Clark as a defense witness and requested that Clark be placed under the rule of sequestration. The trial court denied this motion.
The State argues that defendant was not prejudiced by the denial of his motion to recuse because the defense failed to call Clark to testify and Clark played a minimal role in the prosecution, in that, he did not question any prospective jurors during voir dire; made neither opening statement nor closing argument; and, did not question any witnesses.
La.C.Cr.P. art. 680 sets forth the ground for recusation of a district attorney:
“A district attorney shall be recused when he:
1. Has a personal interest in the cause or grand jury proceeding which is in conflict with fair and impartial administration of justice;
2. Is related to the party accused or the party injured, or to the spouse of the accused or party injured, or to a party who is a focus of a grand jury investigation, to such an extent that it may appreciably influence him in the performance of the duties of his office; or
3. Has been employed or consulted in the case as attorney for the defendant before his election or appointment as district attorney.”
The mere fact that an assistant district attorney previously represented an accused in an unrelated matter does not ipso facto require disqualification of the assistant district attorney in later criminal pro *1202 ceedings. State v. Brown, 274 So.2d 381, 382 (La.1973). The defendant in an action to recuse the district attorney bears the burden of showing by a preponderance of the evidence that the district attorney has a personal interest in conflict with the fair and impartial administration of justice. State v. Edwards, 420 So.2d 663, 673 (La.1982). As stated in State v. Brown, 478 So.2d 600, 605 (La.App. 2d Cir.1985):
“The law presumes that the attorney will respect a client’s confidence and where counsel is not called upon to use against a former client any confidential knowledge gained through their former association, then no prejudice can result.”
Although defense counsel stated at the trial’s start that he had not yet ruled out the possibility that Clark possessed confidential information that might be beneficial to the State, defense counsel failed to point out any instance during the trial which could substantiate a claim that the district attorney possessed any confidential information that may have been passed on by Clark. In fact, the State presented no evidence of defendant’s prior bankruptcy. The only mention made of the bankruptcy was by defendant’s own counsel. Further, Clark did not testify. We find defendant suffered no prejudice as a result of the trial court’s denial of the motion to recuse.
This assignment is without merit.
ASSIGNMENTS OF ERROR NOS. 2 AND 4
Defendant asserts that the trial court erred in allowing the introduction of evidence of the behavior of a coconspirator without first establishing the existence of a conspiracy between the coconspirator and the defendant. Additionally, defendant urges that the trial court erred in allowing the introduction of oral inculpatory statements of defendant without first establishing that a crime had been committed. Since both these assignments deal with the order of proof, they will be considered together.
Throughout the trial, defendant made numerous objections based on La.R.S. 15:455, which reads:
“Each coconspirator is deemed to assent to or to commend whatever is said or done in furtherance of the common enterprise, and it is therefore of no moment that such act was done or such declaration was made out of the presence of the conspirator sought to be bound thereby, or whether the conspirator doing such act or making such declaration be or be not on trial with his codefendant. But to have this effect a prima facie case of conspiracy must have been established.”
Defendant maintains that the prosecution violated La.R.S. 15:455 when it sought to introduce evidence of Thomas Allen’s actions before a conspiracy had been established. Specifically, defendant objected to (1) the admission in evidence of the mortgage on the home of Thomas Allen; (2) testimony concerning his and Thomas Allen’s indebtedness and the existence of insurance; (3) introduction of proof of the insurance payments made pursuant to a fire loss suffered by Thomas Allen; (4) testimony concerning the behavior of Thomas Allen after he was apprehended leaving the home of defendant; (5) inculpa-tory statements of defendant; and (6) testimony regarding the location of certain movable property of Thomas Allen prior to the fire.
It is settled that where the State seeks to introduce evidence of acts or declarations of one coconspirator against another, a pri-ma facie case of conspiracy must first be established. La.R.S. 15:455; State v. Carter, 326 So.2d 848 (La.1975). This rule did not preclude the introduction in evidence prior to the establishment of a prima facie case of the mortgage on the home of Thomas Allen; the indebtedness under this mortgage; and, the policy of insurance which insured the home. These acts are not culpable, pre-date the existence of any conspiracy and were simply background facts elicited to establish a foundation for the later introduction of evidence of a criminal conspiracy. The testimony concerning the behavior of Thomas Allen, after he was apprehended leaving the home of defendant, and that regarding the removal of certain movable property from the home of Thomas Allen prior to the fire, were elicit *1203 ed after a prima facie case of conspiracy had been established. The inculpatory statements of the defendant, himself, were admissible in the order chosen by the State (La.C.Cr.P. art. 773; State v. Mullins, 353 So.2d 243 (La.1977), and were not subject to the foundation required by La.R.S. 15:455. The only evidence arguably admitted prior to the establishment of a prima facie case of conspiracy was the testimony of Barbara Hyland of Aetna Casualty and Surety Company who testified concerning the proofs of loss submitted by Thomas Allen subsequent to the fire at his home. This evidence stands unrefuted. Assuming arguendo that its admission was objectionable at the time offered, we conclude that defendant was not prejudiced thereby and any error was harmless. State v. Davis, 430 So.2d 680 (La.App. 2d Cir.1983), writ denied, 433 So.2d 1056 (La.1983).
These assignments of error are without merit.
ASSIGNMENT OF ERROR NO. 6
Defendant asserts that the trial court erred by not allowing Dr. Milton Rhea to testify concerning defendant’s state of mind and mental capacity at the time certain oral inculpatory statements were made. Defendant argues that the testimony should have been allowed since it was directly related to whether or not defendant’s statements were voluntary.
The State points out that none of the inculpatory statements were made as a result of custodial interrogation, and all were made contemporaneous with the commission of the offenses. The trial court sustained the State’s objection to this testimony on the basis of La.C.Cr.P. art. 651 and art. 726, which provide as follows:
“Art. 651. When defense of insanity at time of offense is available; method of trial
When a defendant is tried upon a plea of “not guilty”, evidence of insanity or mental defect at the time of the offense shall not be admissible.
The defenses available under a combined plea of “not guilty and not guilty by reason of insanity” shall be tried together.
Art. 726. Notice of defense based upon mental condition
A. If a defendant intends to introduce testimony relating to a mental disease, defect, or other condition bearing upon the issue of whether he had the mental state required for the offense charged, he shall not later than ten days prior to trial or such reasonable time as the court may permit, notify the district attorney in writing of such intention and file a copy of such notice with the clerk. The court may for cause shown allow late filing of the notice or grant additional time to the parties to prepare for trial or make such other orders as may be appropriate.
B. If there is a failure to give notice as required by Subsection A of this Article, the court may exclude the testimony of any witness offered by the defendant on the issue of mental condition.”
Although defendant was not seeking to introduce evidence of his mental incapacity to commit the crime, the psychologist would, of necessity, considering that the statements and the crime were almost contemporaneous, be testifying concerning the mental state of the defendant at the time of the offense. Since defendant did not plead not guilty and not guilty by reason of insanity nor serve notice on the district attorney as required by Article 726, evidence of his mental condition was inadmisr sible. See State v. LeCompte, 371 So.2d 239 (La.1978).
This assignment likewise lacks merit.
ASSIGNMENT OF ERROR NO. 7
Defendant maintains that the trial court erred by refusing to permit the testimony of Detective Lariverre to corroborate the testimony of defendant’s brother. Thomas Allen testified that he was asked to watch defendant’s house because there had been several recent break-ins. Defendant urges that the testimony of Detective Lariverre would have corroborated Thomas Allen’s testimony and should have been allowed. The State objected to Detective Lariverre’s testimony on the basis that his testimony about a prior break-in would not have been independently relevant or admis *1204 sible and the testimony of Thomas Allen had not been impeached or contradicted.
Defendant cites La.R.S. 15:485 to support his contention that the testimony was admissible. La.R.S. 15:485 reads as follows:
“Whenever a witness has been impeached or contradicted, or his character or credibility has been assailed, corroborative testimony is admissible, and the testimony of an accomplice may be corroborated even before it is attacked.”
Defendant does not contend that the testimony of Thomas Allen was testimony of an accomplice that may be corroborated even before it is attacked. The testimony of Thomas Allen was not impeached or contradicted with regard to any prior break-in. Therefore, testimony to establish his credibility was inadmissible. See La.R.S. 15:484; State v. Alexander, 487 So.2d 468 (La.App. 3rd Cir.1986); State v. Green, 443 So.2d 531 (La.1983).
This assignment also lacks merit.
ASSIGNMENT OF ERROR NO. 8
By this assignment, defendant asserts that his conviction is based on insufficient evidence. The standard for appellate review in determining the sufficiency of evidence is, whether after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 271, 61 L.Ed.2d 560 (1979); State v. Edwards, 400 So.2d 1370 (La.1981). When reviewing a conviction based on circumstantial evidence, the rule set forth in La.R.S. 15:438, applies, viz:
“The rule as to circumstantial evidence is: assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence.”
See also State v. Camp, 446 So.2d 1207 (La.1984). The rule set forth in La.R.S. 15:438 is not a separate test from the Jackson standard, nor does it establish a stricter standard of review than the “sufficient to satisfy a rational juror that the defendant is guilty beyond a reasonable doubt” called for in Jackson. State v. Rosiere, 488 So.2d 965 (La.1986). As Justice Lemmon stated in State v. Captville, 448 So.2d 676 (La.1984), at 680:
“When a case involves circumstantial evidence, and the jury reasonably rejects the hypothesis of innocence presented by the defendant ... that hypothesis falls, and the defendant is guilty unless there is another hypothesis which raises a reasonable doubt....”
The State presented the following evidence: The indebtedness of Thomas Allen, and the existence and issuance of an insurance policy on his home. The filing of Proofs of Loss by Thomas Allen. The indebtedness and insurance coverage of defendant and the relocation of personal property shortly before both fires. The inculpatory statements of defendant regarding both fires. Finally, the testimony of the police officers who witnessed Thomas Allen leaving defendant’s home shortly after starting a fire there.
The only hypothesis of innocence presented by the defense was in regard to the second fire. Thomas Allen tried to raise the possibility that there was a second person present in the home that night. Credibility determinations are functions of the trier of fact and will not be disturbed on appellate review in the absence of manifest error. State v. Miller, 495 So.2d 422, 426 (La.App. 3rd Cir.1986). Since the testimony of Thomas alien was not believed by the jury, the only hypothesis of innocence was excluded.
Defendant was found guilty of two counts of conspiracy to commit arson with intent to defraud. La.R.S. 14:26 provides: *1205 Both counts are supported by sufficient evidence. Defendant’s own admissions furnished evidence of a conspiracy and the filing of a proof of loss claim by Thomas Allen was direct evidence of an act in furtherance of the conspiracy. The second fire is supported by evidence of Thomas Allen leaving the premises shortly before smoke was seen emitting from the house and defendant’s own inculpatory statements to friends. The evidence of both brothers’ indebtedness and insurance coverage was circumstantial evidence from which a motive for arson could be inferred. Accordingly, this assignment lacks merit.
*1204 “Criminal conspiracy is the agreement or combination of two or more persons for the specific purpose of committing any crime; provided that an agreement or combination to commit a crime shall not amount to a criminal conspiracy unless, in addition to such agreement or combination, one or more of such parties does an act in furtherance of the object of the agreement or combination ...”
*1205 ASSIGNMENT OF ERROR NO. 9
By this assignment, defendant contends that the sentences imposed by the trial court are excessive and fail to conform to the required guidelines for appropriate sentence.
The maximum sentence defendant faced on the two counts was a $10,000.00 fine and imprisonment, with or without hard labor, for not more than five years or both. Therefore, the sentences imposed are in the range allowed by statute.
Specifically, defendant argues that the trial court failed to state for the record the factual considerations which compelled the imposition of a sentence of incarceration, considering that he is a first offender.
In imposing sentence, the trial court must comply with the sentencing guidelines set forth in La.C.Cr.P. art. 894.1. The trial judge need not list every aggravating and mitigating circumstance that he relied upon in sentencing the defendant. The record need only reflect that he adequately considered these guidelines in particularizing the sentence to the defendant. State v. Smith, 433 So.2d 688 (La.1983); State v. Vaughn, 378 So.2d 905 (La.1979).
“In State v. Lanclos, 419 So.2d 475 (La.1982), the court stated that compliance with Article 894.1 is not an end in itself. The articulation of the factual basis for a sentence is the goal of the article, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary, even where there has not been full compliance with Article 894.1.”
State v. Terrase, 468 So.2d 729 (La.App. 5th Cir.1985), at 733.
The record in this case reflects that the trial judge adequately considered the guidelines set forth in La.C.Cr.P. art. 894.1 when particularizing the sentence to the defendant. The trial judge noticed the close proximity of time between the two offenses, the lack of contrition on the part of defendant, his mental problems and the veiled threats made by defendant to those who testified against him at trial. The sentence was particularized to the defendant and is not so disproportionate to the crime committed as to shock this court’s sense of justice. State v. Nealy, 450 So.2d 634 (La.1984).
Defendant also argues that he is a first offender and, as such, should have had both his sentences probated.
“A trial court is not required to render a suspension of sentence or probation on a first felony offense. The judge may consider whatever factors and evidence he deems important to a determination of the best interest of the public and the defendant. State v. McKethan, 459 So.2d 72 (La.App. 2d Cir.1984); State v. Tully, 430 So.2d 124 (La.App. 2d Cir.1983), writ denied, 435 So.2d 438 (La.1983).”
State v. Hawkins, 490 So.2d 594 (La.App. 2d Cir.1986), writ denied, 494 So.2d 1174 (La.1986). We find no abuse of the trial judge’s wide discretion in refusing to enter a sentence of probation on both counts.
Finally, defendant argues that the conditions of probation were inappropriate. Particularly, defendant questions the fine and the provision which allows the court to later impose a six month sentence at its pleasure.
La.C.Cr.P. art. 895 allows for the imposition of conditions reasonably related to defendant’s rehabilitation, and sets forth a list of conditions. That list, however, is not exclusive. State v. Prescott, 431 So.2d 85 (La.App. 1st Cir.1983). The fine was within *1206 the discretion of the judge and defendant has not alleged indigent status. The condition providing for six months imprisonment was within the trial judge's discretion to impose jail time as an additional condition of probation in a felony case. State v. Priestley, 478 So.2d 647 (La.App. 2d Cir.1985), writ denied, 484 So.2d 133 (La.1986). Since the additional imprisonment would not expose defendant to more than the statutory maximum, there is no error in the conditions of probation.
Accordingly, this assignment is without merit.
For the reasons stated above, appellant’s convictions and the sentences imposed are affirmed.
AFFIRMED.