375 So.2d 107 (1979)
STATE of Louisiana
v.
Burton J. CHALAIRE, Jr.
No. 64015.
Supreme Court of Louisiana.
September 4, 1979.
Richard B. Stricks, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Maurine A. Carroll, Asst. Dist. Atty., for plaintiff-appellee.
DENNIS, Justice.
This criminal appeal raises the question: may a judge cancel a plea bargain upon his finding the defendant unsuitable for the promised sentence and impose a heavier sentence, without according the defendant either a hearing or an opportunity to withdraw the guilty plea? We vacate the sentence and remand for further proceedings. Due process will not allow a judge to cancel a plea agreement without a contradictory hearing or permit him to impose a heavier sentence than bargained for without permitting withdrawal of the guilty plea.
Defendant, Burton J. Chalaire, agreed to plead guilty to charges of possession of marijuana with intent to distribute, La.R.S. 40:966, and possession of diazepam, La.R.S. 40:969(C), in return for the judge's promises of probation and the lightest possible suspended sentence for defendant as an habitual offender. The judge's agreement was conditioned, however, on the defendant's *108 enrollment and participation in a drug rehabilitation program. The sentencing was scheduled for several weeks after the day on which the plea agreement was reached.
It is disputed whether defendant was required, as part of the plea bargain, to report to the drug rehabilitation agency for enrollment before sentencing. It is undisputed, however, that defendant failed to report there or to appear for sentencing as scheduled. Defendant was ultimately surrendered by his bondsman and brought to court for sentencing three weeks later.
At the sentencing proceeding the judge did not forewarn defendant that he had decided to cancel the plea agreement. He did offer the defendant an opportunity to address the court, but defense counsel, unaware of the judge's decision, declined. The judge declared the defendant unsuited to drug rehabilitation and sentenced the defendant to two concurrent hard labor sentences of three and one-half years without probation or suspension of sentence.
Defense counsel objected to the sentence as being at variance with the plea agreement. His single assignment of error on appeal is based on this objection.
An unprobated term of three and one-half years in the state penitentiary, when the defendant has been led to believe that he will receive a suspended sentence and probation if he enters his guilty plea, cannot stand as a valid sentence resting upon a voluntary and intelligent plea of guilty. See, Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971); Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); State v. Neitte, 363 So.2d 425 (La.1978); and People v. Delles, 69 Cal.2d 906, 73 Cal.Rptr. 389, 447 P.2d 629 (1968).
On this record, the defendant was promised suspended sentences and probation in return for his guilty pleas.[1] The district judge changed his mind, however, withdrew his promises, and immediately sentenced the defendant to actual prison sentences. The judge may have been justified in refusing to honor the plea bargain under the circumstances. We cannot decide *109 this question on the record before us.[2] By not giving the defendant an opportunity to withdraw his guilty plea, however, the judge nullified the necessary affirmative showing that the defendant's guilty pleas were intelligent and voluntary. See, Boykin v. Alabama, supra; ABA Standards, Function of Trial Judges § 4.1(iii) (Approved Draft 1972); Pleas of Guilty §§ 2.1, 3.3 (Approved Draft 1968). The record does not reflect, and it cannot be assumed, that the defendant voluntarily allowed sentencing to proceed without the protection of the plea bargain.
Accordingly, the sentences must be vacated and the case remanded to the district court for its decision, after a contradictory hearing, in light of the circumstances of the case, whether due process requires (a) that there be specific performance of the plea bargain or (b) that the defendant be given the option to go to trial on the original charges. In the event the circumstances require that the defendant only be allowed to withdraw his guilty pleas, he should be permitted to go to trial with a different judge presiding. Cf. Santobello v. New York, supra.
The judgment is vacated and the case is remanded for reconsideration consistent with this opinion.
REVERSED AND REMANDED.
SUMMERS, C. J., concurs in result.
NOTES
[1] Although not objected to in this appeal, the judge's active participation in the plea negotiations evokes our concern. The ABA Standards recommend that the trial judge should not be involved with plea discussions before the parties have reached an agreement. ABA Standards, The Function of the Trial Judge § 4.1 (Approved Draft 1972); accord, President's Commission on Law Enforcement and Administration of Justice, The Challenge of Crime in a Free Society 136 (1967); Fed.R.Crim.P. 11(e)(1); ALI Model Code of Prearraignment Procedure § 350.3(1) (Proposed Official Draft 1975); National Advisory Commission on Criminal Justice Standards and Goals, Task Force Report on Courts § 3.7 (1973). Most of the law review writers who have addressed the issue also condemn judicial bargaining. See, Alschuler, Plea Bargaining, 76 Colum.L.Rev. 1059, 1060 n.8 (1976).

The reasons for proscribing judicial participation in plea negotiations, according to the ABA Standards' Commentary, are:
(1) judicial participation in the discussions can create the impression in the mind of the defendant that he would not receive a fair trial were he to go to trial before this judge;
(2) judicial participation in the discussions makes it difficult for the judge objectively to determine the voluntariness of the plea when it is offered; (3) judicial participation to the extent of promising a certain sentence is inconsistent with the theory behind the use of the presentence investigation report; and (4) the risk of not going along with the disposition apparently desired by the judge may seem so great to the defendant that he will be induced to plead guilty even if innocent. ABA Standards, Pleas of Guilty § 3.3(a) Commentary 73 (Approved Draft 1968).
Professor Albert W. Alschuler persuasively criticizes the ABA Standards' position, however, primarily on the ground that removal of the judge from the bargaining process usually places the sentencing prerogative in the district attorney's office. Alschuler, supra; see also, Alschuler, Sentencing Reform and Prosecutorial Power: A Critique of Recent Proposals for "Fixed" and "Presumptive" Sentencing, 126 U. of Penn.L.Rev. 550, 564 (1978). Professor George Pugh worries about the lack of an impartial arbiter when the trial judge does not participate in the plea bargain. Standards for Criminal Justice, 57 F.R.D. 229, 363 (1972).
Although we do not adopt either view at this time, we note that any judge who directly participates in plea discussions should take extreme care to avoid the dangers described in the ABA commentary. ABA Standards, Pleas of Guilty § 3.3(a), supra.
[2] Depending on the circumstances, the defendant's conduct may indicate his unsuitability for supervised probation in general. It is more difficult, however, to see a correlation between his failure and his lack of amendability to drug rehabilitation. The plea agreement was conditioned upon a professional evaluation of the defendant's drug problem, which was never performed.