JOHN C. BOUTALL, Justice Ad Hoc.[1]
The only issue on this appeal is whether an excessive sentence was imposed upon defendant.
Danny Eugene Overstreet was charged by bill of information with possessing a controlled dangerous substance, marijuana, a Schedule II drug, with intent to distribute, contrary to the provisions of R.S. 40:967. After his motion to suppress the evidence was denied, the defendant submitted a plea of guilty to attempted possession of marijuana with intent to distribute. The trial court accepted this plea after determining that the plea was knowingly, intelligently and voluntarily made, explaining to defendant that he faced a sentence of up to five years at hard labor and a fine of up to $7,500.00. After presentencing procedures were completed, the judge considered the sentence guidelines set forth in Article 894.1 of the Louisiana Code of Criminal Procedure and sentenced the defendant to pay a fine of $1,000.00 or serve two hundred days in default of payment and to serve four years imprisonment at hard labor, suspending the prison sentence and placing the defendant on supervised probation for a period of five years subject to certain conditions. One of those conditions was that the defendant serve a term of imprisonment of one year in the parish jail facility, and after release report to the Monore Substance Abuse Center and adhere strictly to any treatment prescribed by that facility. The defendant’s attorney objected to the harshness of the sentence and this appeal followed.
As basis for error, defendant argues that the sentence is too severe because of the one year jail term and the restrictions during the supervised probation and also that the judge erred in the conclusions drawn from the presentence report as in State v. Forshee, 395 So.2d 742 (La.1981). We hold that the sentence is not excessive, that the conditions imposed are permitted by law and the judge committed no error in his conclusions and findings upon which he based the imposition of sentence.
The defendant is a twenty-five year old man who has had no prior arrests or convictions. He was arrested in possession of some five pounds of marijuana which he admitted he had been selling in one ounce packages, and on the day he was arrested had agreed to sell all he had left to a prospective purchaser. His reason for engaging in this business was that he was presently unemployed because of an injury he had suffered to his mouth some time before, and he needed money. The defendant’s employment prior to his arrest had been with several oil well drilling companies at several locations in the offshore and Louisiana area.
The trial judge correctly explained to the defendant the maximum sentence which he *1302 faced and the sentence that he later gave was substantially under the maximum. Indeed, presuming that the defendant obey the conditions of his probation, his imprisonment is only one year in the parish prison. The conditions that were imposed by the judge are provided for in Louisiana Code of Criminal Procedure Articles 893, 895(A) & (B). Under somewhat similar facts we found a similar sentence not excessive for violation of R.S. 40:966 in State v. Hysell, 364 So.2d 1300 (La.1978).
Our consideration of the judge’s conclusions and findings as a basis for imposing sentence leads us to conclude that the trial judge committed no error. In essence, the trial judge’s remarks showed that he considered the defendant to be a “carefree, laid-back attitude type person” and that, coupled with the apparent ease with which the defendant decided to go into the business of selling marijuana in order to raise money caused the judge to believe that he could not predict the defendant’s future behavior such that there was a probability of undue risk that probation or suspended sentence alone was not sufficient to impress upon the defendant the seriousness of his actions and deter him from committing future crime. The trial judge is given discretion both in the analysis of the evidence upon which he reaches his findings and the application of those findings to the provisions of Article 894.1. In this case, it appears that there is sufficient evidence to support a conclusion that this sentence is justified under Subsections A(l) & (3). For the foregoing reasons, the sentence of Danny Eugene Overstreet is affirmed.
AFFIRMED.

. Judges John C. Boutall of the Court of Appeal, Fourth Circuit, and O. E. Price and Fred W. Jones, Jr., of the Court of Appeal, Second Circuit, participating in this decision as Associate Judges Ad Hoc, joined by Justices Caloge-ro, Marcus, Dennis and Watson.