434 So.2d 530 (1983)
STATE of Louisiana, Appellee,
v.
James THOMAS, a/k/a "HAMMER", Appellant.
STATE of Louisiana, Appellee,
v.
Anthony BURKS a/k/a "PEEWEE", Appellant.
STATE of Louisiana, Appellee,
v.
Charles Dewayne GREGORY, Appellant.
Nos. 15461, 463 and 464-KA.
Court of Appeal of Louisiana, Second Circuit.
June 6, 1983.
*532 Paul Henry Kidd, Kidd & Kidd, Monroe, for defendants.
William J. Guste, Atty. Gen., Barbara B. Rutledge, Asst. Atty. Gen., Baton Rouge, J. Carl Parkerson, Dist. Atty., Monroe, Allen Harvey and Ellen Eade, Asst. Dist. Attys., Bastrop, for plaintiff-State of Louisiana.
Before PRICE, JASPER E. JONES and FRED W. JONES, Jr., JJ.
PRICE, Judge.
The defendants appeal from the judgment of the Fourth Judicial District Court, accepting their guilty pleas, imposing sentence and denying their motions for new trial and alternative motions to review sentence. Since all three defendants are represented by the same counsel, pled guilty to the same reduced charge on the same date before the same judge, make identical assignments of error, and have filed a common brief to this court, the decision and reasons of this court in each appeal are consolidated in this single opinion.
Defendant James Thomas was charged by bill of information with the crime of distribution of marijuana, in violation of La.R.S. 40:967. It was alleged that on December 12, 1980, the defendant was approached by an undercover agent and was asked where the agent could obtain some drugs. The defendant indicated that he did not have any with him, but that he could obtain the agent some marijuana. He returned with some in approximately twenty minutes.
Defendant Anthony Burks was charged by bill of information with two counts of distribution of marijuana. It was alleged that on November 3, 1980, the defendant approached an undercover agent and asked him if he wanted to buy some marijuana. Approximately thirty minutes later, the defendant returned with the marijuana, which he sold to the agent for $30.00. The second count was alleged to have occurred on November 6, 1980.
Defendant Charles Wayne Gregory was also charged by bill of information with distribution of marijuana. It was contended that on approximately February 15, 1981, the defendant approached an undercover agent and advised the agent that he was selling dime bags of marijuana. The undercover agent purchased a bag of marijuana from the defendant. All three defendants were arrested on March 6, 1981.
On March 31, 1982, the three defendants were arraigned and all entered pleas of not guilty. Trial was set for June 8, 1981, and was continued on several occasions. On May 24, 1982, all three defendants withdrew their pleas of not guilty and each entered a plea of guilty to one count of attempted distribution of marijuana, in violation of La.R.S. 40:979. On July 6, 1982, the defendants were each sentenced to serve eighteen months imprisonment at hard labor.[1] On behalf of the three defendants, the defense filed a motion for a new trial, and, alternatively, a motion to review sentence, which motion was heard and denied on December 17, 1982. The defendants now appeal making several assignments of error raising the following issues:
(1) Whether the defendants lacked specific knowledge of the key elements of the criminal conduct necessarily admitted by their guilty pleas, making the pleas constitutionally infirm.
(2) Whether the sentences were imposed contrary to the terms of an earlier plea agreement ratified by the trial judge.
(3) Whether the alleged misrepresentation by the defense attorney to defendants *533 as to the sentence each would receive precluded their guilty plea from being voluntary and whether the defendants were entitled, as a matter of law, to present evidence of the factors which they contend destroyed the voluntary nature of the guilty pleas.
(4) Whether the sentences imposed are excessive and disproportionate.
ISSUE NO. 1
The defendants contend that they lacked specific knowledge of the key elements of the criminal conduct necessarily admitted by their guilty pleas, making the pleas constitutionally infirm. In State v. Bowick, 403 So.2d 673 (La.1981), in rejecting a similar argument, the Supreme Court stated:
Here, although the trial court did not enumerate the elements required to prove guilt, defendant had previously been arraigned on a bill of information charging a $1,500 robbery of two named persons with a pistol. Further, a preliminary examination had been held, at which evidence of the robbery had apparently been presented. Then at the plea defendant and his attorney both represented to the trial court that defense counsel had explained and that defendant understood the nature of the crime to which he was pleading. Under these circumstances, the trial court did not err in accepting the guilty plea.
The trial court did not enumerate the elements required to prove guilt of the crime when it accepted defendant James Thomas' plea of guilty. However, just as in State v. Bowick, supra, the defendant had previously been arraigned on a bill of information charging the particulars of the crime. In addition, defendant James Thomas represented to the trial court that he had carefully gone over this case with his lawyer and that his lawyer had explained everything to him. Defendant Thomas also contends that a statement made by him at the sentencing proceeding was sufficient protestation of innocence to negate the voluntary character of his guilty plea. The court, in inquiring about Thomas' children, asked "Is that why you were selling marijuana", to which the defendant responded, "No, sir, I wasn't selling." However, this statement does not reflect a protestation of innocence as he could have been guilty of attempted distribution and still assert that he was not selling without the two statements conflicting.
The application of the State v. Bowick decision to the record of Anthony Burks reveals that defendant Burks had specific knowledge of the key elements of attempted distribution of marijuana. Defendant Burks had previously been arraigned on a bill of information charging the particulars of the crime, and he had represented to the trial court that he had carefully gone over this case with his lawyer and that his lawyer had explained everything to him.
Charles Dewayne Gregory's plea of guilty was accepted under similar circumstances as the two above defendants. As in the cases of the other two defendants, defendant Gregory had previously been arraigned on a bill of information charging the particulars of the crime and he also represented to the trial court that he had gone over this case with his lawyer and that his lawyer had explained everything to him. However, defendant Gregory points to a colloquy that transpired between himself and the court that he contends illustrates that he lacked specific knowledge of the key elements of the criminal conduct. When asked by the court if he understood what his lawyer had told him, Gregory replied "Partly." The court then asked him what he did not understand, to which defendant answered "About the plea of guilty to-uh attempted distribution." The court went on to explain the plea's effect of reducing by one-half the maximum sentence the court could impose. A subsequent colloquy also explained to defendant Gregory the effect that his guilty plea would have on the penalty the court could impose. The explanations regarding sentencing given by the trial court to defendant Gregory illustrate that the trial court understood Gregory was concerned about the potential sentence for each offense rather than the elements *534 of the crime. The transcript reveals that the trial court was quite thorough in explaining the effect of defendant's plea upon possible sentencing and in ascertaining the voluntariness of the guilty plea.
An accused may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even though he is unwilling to admit participation in the crime, or even if his guilty pleas contain a protestation of innocence, when he intelligently concludes that his interests require a guilty plea and the record strongly evidences guilt. North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).
We find no merit to this assignment of error in regard to defendant, Thomas, Burks, or Gregory.
ISSUE NO. 2
The defendants also allege that the sentences imposed were contrary to the terms of an earlier plea agreement ratified by the trial judge. The cases of the three defendants before us are distinguishable from cases in which plea agreements were found to have existed and been breached. In State v. Chalaire, 375 So.2d 107 (La. 1979), the record established the existence of a plea agreement made by the judge himself. In that case, it was held that the trial judge's cancellation of the plea agreement without according the defendant either a hearing or opportunity to withdraw the guilty plea was a violation of due process. However, Chalaire is distinguishable from the instant situation because the record in Chalaire clearly supported the finding that the trial judge made the plea agreement.
In State v. Bosworth, 415 So.2d 912 (La. 1981), on rehearing June 11, 1982, the court remanded for an evidentiary hearing to determine whether a plea agreement was made and breached. However, in Bosworth, the record established that the prosecutor had promised to recommend a suspended sentence as an inducement for the guilty plea. Thus, that case is distinguishable from the instant situation because here it is asserted that the trial judge was involved in the plea negotiations.
Because the records in no way support defendants' assertions that the trial court was involved in the plea negotiations, this contention is found to be meritless as to all three defendants.
ISSUE NO. 3
Defendants were sentenced by Judge Fred Fudickar, Jr., on July 6, 1982. A motion for new trial and alternatively for a review of sentence was heard by Judge Julian E. Bailes, since Judge Fudickar had then retired. At the hearing before Judge Bailes, defendants' counsel sought to elicit testimony from the defendants that he, as their attorney, had represented to them that they would each receive a suspended sentence and probation if they pled guilty. Judge Bailes would not allow this testimony on the basis that it was self serving and contrary to the defendants' testimony at the time of entry of their guilty plea before Judge Fudickar.
The attorney also sought to offer his testimony of what he had advised the defendants at the time of their guilty plea. The court also refused to allow this testimony for substantially the same reasons he denied the defendants' testimony.
The defendants contend that they were entitled, as a matter of law, to present evidence of factors which served to destroy the voluntary nature of their pleas. State v. Galliano, 396 So.2d 1288 (La.1981), discusses the pertinent law:
... Because a plea of guilty waives an accused's fundamental right to a jury trial, right to confront his accusers and privilege against self incrimination, due process requires as a prerequisite to its validity that the plea be a voluntary and intelligent relinquishment of known rights. McCarthy v. United States [394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418], supra. The record of the plea must show that the defendant was informed of these three basic rights and then knowingly and voluntarily waived them. State v. LaFleur, 391 So.2d 445 (La.1980).

*535 Since the plea colloquy is but an objective method of ascertaining and preserving an accused's state of mind, however, judicial inquiry need not focus solely upon the clarity of the words used. For this reason, a court, when called upon to do so through a recognized procedural vehicle, has the power, notwithstanding a record waiver of constitutional rights, to determine whether other factors present at the time of a guilty plea, whether inside or outside the plea colloquy record, were sufficient to render the plea involuntary or unintelligent. See Blackledge v. Allison, 431 U.S. 63, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977).
Although Galliano holds that other factors are to be considered beside the plea colloquy in determining the voluntariness of a guilty plea, it does not require an evidentiary hearing to be held in every case. However, Galliano does require that the entire record be reviewed, whether inside or outside the plea colloquy record.
A review of the entire records of the three defendants reveals that the pleas were voluntarily and intelligently made.
The following colloquy between defendant Burks and Judge Fudickar, at the time of entry of the guilty pleas, is illustrative of the thoroughness of the court's examination of each of the defendant's understanding and representation to the court. Transcript page 26 line 7, through page 28 line 7 reads as follows:
THE COURT: Are you Anthony Burks?
(A): Yes Sir.
THE COURT: You're charged with distribution of marijuana?
(A): Yes sir.
THE COURT: Distribution of marijuana carries a sentence, maximum sentence of a term of imprisonment in the penitentiary for not more than ten years and a fine of not more than fifteen thousand dollars ($15,000). I'm told that you wish to enter a plea of guilty to attempted distribution of marijuana which cuts the maximum penalty down by one-half and that ... that is acceptable to the District Attorney. Have you been promised anything to enter this plea of guilty?
(A): No sir.
THE COURT: Have you been promised any particular sentence?
(A) No sir.
THE COURT: Do you know what sentence you're going to get?
(A) Yes sir.
THE COURT: You do. What is it?
(A) Up to about five (5) years I believe.
THE COURT: Alright, now, have you been ... you're entering this plea of guilty of your own free will and accord?
(A) Yes sir.
THE COURT: Have you gone over this case carefully with your lawyer?
(A): Yes sir.
THE COURT: Do you understand what he's told you?
(A): Yes sir.
THE COURT: Are you satisfied with his explanation?
(A): Yes sir.
THE COURT: Are you satisfied with the way he's handled your case?
(A): Yes sir.
THE COURT: Have you got any complaints about his ... the way he's handled your case?
(A): No sir.
THE COURT: Remember, if you get sentenced and you come back later on and say that you don't like the way he's handled and you have told me in the Courtroom that you were satisfied with the way he's handled the case. Remember that?
(A): Yes sir.
From the above colloquy and that of a similar nature in the records of defendants Thomas and Gregory, there is no indication of a prior plea bargain or that the defendants had been previously advised by their attorney that they would receive any particular sentence. A misunderstanding by defense counsel of what sentence the court might impose, without any breach of a definite plea bargain, does not give a defendant the right to withdraw a plea of *536 guilty. See State v. Lockwood, 399 So.2d 190 (La.1981), rehearing denied June 22, 1981.
We find no merit to this assignment of error in regard to any of the three defendants.
ISSUE NO. 4
Finally, the defendants contend that the sentences imposed are excessive and disproportionate and that mitigating factors were not given due consideration by the trial court in sentencing. Under La.C. Cr.P. Art. 894.1, the trial court must state considerations taken into account and the factual basis therefor in imposing sentence. While the judge need not articulate every aggravating and mitigating circumstance, the record must adequately reflect that he considered these guidelines in particularizing the sentence of the defendant. State v. Keeney, 422 So.2d 1144 (La.1982). In defendant James Thomas' sentencing proceeding, the trial court recited examples of actions by the defendant that indicated to him that the defendant had a habit of this type of criminal activity, and that defendant's conduct was the result of circumstances very likely to recur. The court also discussed factors unfavorable to defendant being suitable for probation. Although the trial court did not go through all of the aggravating and mitigating circumstances, it did take into consideration this was defendant's first offense and that defendant did have dependents who depended on him for aide in their support. The record therefore adequately reflects consideration of the guidelines of Art. 894.1 in particularizing the sentence to defendant James Thomas.
In sentencing defendant Anthony Burks, the record also reflects the court gave consideration to all mitigating circumstances and discussed in detail those factors which would make defendant an unsuitable prospect for a probated sentence. Thus the record of defendant Anthony Burks sentencing proceeding adequately reflects the trial court's consideration of the Art. 894.1 guidelines.
At the sentencing proceeding for defendant Charles Dewayne Gregory, the trial court noted that the defendant had been under arrest several times previously, none of which were for felony offenses. The court also pointed out that the defendant had been engaged or involved with narcotics since 1977 or 1978, which had caused him trouble physically and mentally. The court stated that imprisonment would not entail any hardships on the defendant. The record in defendant Gregory's sentencing proceeding illustrates that the requirements of Art. 894.1 were complied with by the trial court's articulation of the factors taken into account in sentencing, and the facts that made up the basis for these considerations.
In determining whether defendants' sentences are excessive this court must consider the nature of the offenses and offenders and compare the defendants' punishments with the sentences imposed for similar crimes by the same court or other courts. State v. Telsee, 425 So.2d 1251 (La. 1983). Each of the three defendants was charged with distribution of marijuana, but each was allowed to plead guilty to one count of attempted distribution of marijuana. The maximum sentence of imprisonment for that crime is five years imprisonment at hard labor. Each defendant was sentenced to eighteen months at hard labor, less than one-third the maximum term of imprisonment imposable.
In State v. Overstreet, 408 So.2d 1300 (La.1982), the defendant was charged with possession of marijuana with intent to distribute and pled guilty to attempted possession with intent to distribute. That defendant was fined $1,000 or 200 days in default of payment thereof, sentenced to four years imprisonment at hard labor suspended, and five years supervised probation, subject to the condition of serving a term of imprisonment of one year in the parish jail and reporting to an abuse center for treatment. The defendant in Overstreet also had no prior convictions, was previously employed, but at the time of sentencing was unemployed *537 due to an injury. This sentence was found to not be excessive.
In State v. Fergus, 418 So.2d 594 (La. 1982), rehearing denied September 3, 1982, the defendant was charged with distribution of marijuana and pled guilty to attempted distribution of marijuana by virtue of a plea bargain. This crime involved a substantial drug sale; 100 pounds of marijuana priced at $30,000. The defendant was sentenced to five years hard labor and fined $2,500, which the court found not to be excessive. A United States appeal is pending in the above case.
A comparison of the above sentences to the sentences received by defendants Thomas, Burks, and Gregory does not indicate an abuse by the sentencing judge. Therefore the defendants' allegations pertaining to this issue are without merit.
For the above and foregoing reasons, the convictions and sentences of James Thomas, Anthony Burks, and Charles Dewayne Gregory are AFFIRMED.
AFFIRMED.
NOTES
[1] Judge Fred Fudickar, Jr., presided at all proceedings through sentencing. Because of his retirement, Judge Julian E. Bailes, Judge Pro Tempore, presided over the motion for new trial and review of sentence.