JASPER E. JONES, Judge
A writ was granted to review the trial court’s denial of defendant’s motion to withdraw his guilty plea to the offense of cruelty to a juvenile in violation of LSA-R.S. 14:93. The writ is made peremptory and the motion is granted.
Defendant initially entered a plea of not guilty. After plea bargain negotiations, involving the trial judge, were conducted and an agreement was reached defendant changed his plea to guilty. As a part of the plea bargain the trial judge, with the state’s approval, agreed to give defendant a probated sentence. The guilty plea was accepted at a hearing held October 22, 1984. The sentencing hearing was held February 25, 1985. Defendant was given a five year suspended sentence and was *130 placed on supervised probation for five years. As a special condition of probation the trial judge ordered defendant to serve one year in the parish jail. Defendant subsequently moved to withdraw his guilty plea for the reason that the one year jail term required as a condition of probation was contrary to the plea bargain agreement. A hearing on the motion was held March 12, 1985. It was denied.
The disposition of criminal charges by the process known as plea bargaining has been characterized as an “essential component” of the criminal justice system. Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). When a plea rests in any significant degree on a promise by the prosecution, that promise must be fulfilled. Santobello v. New York, supra; State v. Redfearn, 441 So.2d 200 (La.1983); State v. Cooper, 449 So.2d 1376 (La.App. 2d Cir.1984).
In order for a guilty plea to be valid the record must show that the plea was a voluntary and intelligent relinquishment of the defendant’s right to a jury trial, his right to confront his accusers and his privilege against self incrimination. State v. Galliano, 396 So.2d 1288 (La.1981). A guilty plea predicated on a breached plea bargain agreement is not voluntary and intelligent and due process requires that the defendant have the right to withdraw such a plea. See State v. Chalaire, 375 So.2d 107 (La.1979); State v. Lockwood, 399 So.2d 190 (La.1981); State v. Lewis, 421 So.2d 224 (La.1982). However, a mere misunderstanding by defense counsel of what sentence the court might impose, without any breach of a definite plea bargain agreement, does not give a defendant the right to withdraw his plea. State v. Lockwood, supra; State v. Thomas, 434 So.2d 530 (La.App. 2d Cir.1983).
At the hearing on the motion to withdraw the guilty plea the trial judge refused to allow defendant or his attorney to testify to their understanding of the plea bargain agreement. The judge felt that since defendant testified at the time the plea was accepted that he had not been promised anything in return for the plea, this court’s opinion in State v. Thomas, supra, precluded the admission of such testimony.
The facts in Thomas are distinguishable from those in the instant case and it should not have been applied to preclude defendant’s or his attorney’s testimony. In Thomas there was absolutely no evidence in the record to indicate that a plea bargain agreement had in fact been reached. During the course of that opinion we recognized that the entire record, not just the sentencing colloquy, must be reviewed to determine if an agreement has been reached. In the instant case the trial judge’s comments at the sentencing hearing and the hearing on the motion to withdraw clearly reveal that an agreement was reached, the terms of the agreement and the judge’s participation in the bargaining process. At the sentencing hearing the judge stated:
All right, sir. The Court ordered a presentence investigation. As part of the plea bargain, the Court agreed to give the defendant a probated sentence which the Court is going to do.
At the hearing on the motion to withdraw the judge stated:
At the Boykinization, Mr. Evans testified under oath that he had not been promised anything, in order for him to plead guilty. This Court will acknowledge that in conversations with the District Attorney and with Mr. Minor, in chambers, this Court advised Mr. Minor that his client would get a probated sentence.
We conclude that where the record clearly indicates a plea bargain agreement was reached, defendant and his attorney have the right to testify at the hearing on a motion to withdraw a guilty plea predicated on the agreement, as to their understanding of the agreement even if the defendant previously testified at his sentencing colloquy that no promises were made in exchange for the plea.
In rejecting the motion to withdraw on the merits the judge obviously found that *131 defendant’s complaint was not based on a breached plea bargain but rather upon defendant’s misunderstanding or the misunderstanding of his attorney that a jail sentence could be imposed within the framework of the plea bargain agreement. The judge indicated that on occasions he imposes a jail sentence as a condition of probation and he does not normally discuss the fact that such a condition may be imposed with defense counsel at the time probation is promised in return for the guilty plea. The judge acknowledged that here he did not discuss with defense counsel whether the probationary sentence would be conditioned upon serving some jail time.
We find that the imposition of the one year jail time as a condition of probation breached the plea bargain agreement. When a defendant agrees to plead guilty in return for a probated sentence he is entitled to assume that the entire sentence will be suspended and he will not be required to serve jail time as a condition of probation. In order for the trial judge to have the option to order jail time as a condition of probation in such cases, he must inform defendant of this fact prior to accepting the guilty plea pursuant to the plea bargain wherein the defendant has been promised a probated sentence.
The writ is made peremptory and defendant’s motion to withdraw his guilty plea is granted.[1] His conviction and sentence are vacated and the case is remanded for further proceedings.
Before HALL, MARVIN, JASPER E. JONES, FRED W. JONES, Jr., and SEXTON, JJ.

. Because of the trial judge’s comments establishing the existence and terms of the agreement we find it unnecessary to order a full hearing on the motion to withdraw.