596 So.2d 829 (1992)
STATE of Louisiana, Appellee,
v.
Gregory OWENS, Appellant.
No. 23562-KH.
Court of Appeal of Louisiana, Second Circuit.
February 26, 1992.
Rehearing Denied April 2, 1992.
Writ Denied July 1, 1992.
Michael Courteau, Monroe, for appellant.
Richard Ieyoub, Atty. Gen., Baton Rouge, Jerry L. Jones, Dist. Atty. and Charles Cook, Asst. Dist. Atty., Monroe, for appellee.
Before MARVIN, SEXTON and LINDSAY, JJ.
LINDSAY, Judge.
Following an evidentiary hearing directed by this court, applicant, Gregory Owens, sought supervisory review of the district court's denial of post conviction relief. He contends that his trial defense counsel improperly induced him to waive a jury trial following his mistrial on a charge of aggravated rape and that the judgment denying relief was contrary to the evidence adduced *830 at the hearing. We find that applicant's defense counsel improperly induced him to waive his right to a jury trial. Accordingly, we grant the writ, reverse and vacate applicant's conviction and sentence for forcible rape, and remand the matter for further proceedings.

FACTS
Applicant was originally tried by a jury on charges of aggravated rape (LSA-R.S. 14:42) and aggravated burglary (LSA-R.S. 14:60). He was convicted of simple burglary, but a mistrial was declared on the aggravated rape charge due to the jury's inability to agree on a verdict. The simple burglary conviction and applicant's seven year hard labor sentence were affirmed in State v. Owens, 480 So.2d 826 (La.App.2d Cir.1985), writ denied, 486 So.2d 748 (1986).
Retrial of the aggravated rape case was set for March 25, 1985. When the case was called for retrial, applicant waived his right to a trial by jury and the parties agreed that the case would be decided by the trial court based upon the entire record of the first trial which had been presided over by a different judge.[1]
On September 10, 1985, the trial judge found applicant guilty of the lesser and included offense of forcible rape (LSA-R.S. 14:42.1). He was sentenced, on February 21, 1986, to serve 20 years at hard labor, 10 of which were to be served without benefit of parole, probation or suspension of sentence. The sentence was ordered to be served concurrently with the previously imposed seven-year sentence for simple burglary. The conviction and sentence for forcible rape were affirmed in State v. Owens, 501 So.2d 968 (La.App.2d Cir.), writ denied, 507 So.2d 224 (1987).
In February, 1991, applicant filed an application for post conviction relief alleging various errors in the previous trial proceeding. The district court denied relief. This court affirmed the lower court's decision in part, but remanded the matter for determination of whether applicant's trial defense counsel, Paul Henry Kidd, had induced him to waive a jury trial by telling him that counsel had made a bargain with the trial judge under which, if applicant was found guilty, following the judge's review of the record of the prior trial, of a lesser and included offense to the charge of aggravated rape, he would be sentenced to no more than seven years.
Pursuant to this court's order, the district court held an evidentiary hearing. Following the hearing, the trial court denied relief. The court found:
[I]t is absolutely inconceivable to this court that any member of the court would promise a particular sentence in the event of a conviction ... especially... in a case such as this where aggravated rape carries a mandatory sentence of life imprisonment at hard labor..... It is inconceivable to me that any judge would promise such, and I do not in any way believe that this in fact occurred in this particular case.

DISCUSSION
Applicant argues the district court misunderstood the issue, and in doing so erred in finding that his plea was not induced by counsel's representations. Our review finds the record supports both claims.
The district court was required, by order of this court, to determine whether defense counsel told defendant that a "deal" had been made, thereby inducing applicant to waive his right to a jury trial.[2] Although *831 the district court was clear in its finding that the judge on retrial did not make such a deal, the district court did not rule on the decisive question of whether defense counsel Kidd told applicant that a deal had been made and whether that representation, whether true or false, induced waiver of a jury trial.
The testimony adduced at the hearing on the application for post conviction relief showed that applicant was represented during the period leading up to his retrial by attorneys Paul Henry Kidd and Dale Peacock. Owens testified that he communicated with his attorneys through family members prior to the day of the retrial. Owens testified that he had wanted a jury trial but Kidd told him he wouldn't be sentenced to any more time than he already had after the trial judge reviewed the record of the original trial. Owens stated that had he known his exposure exceeded seven years he would have demanded a trial, and that had he not had such a deal he would not have waived a jury trial. Owens testified that Kidd personally told him about the "deal" on the date set for retrial in the presence of his mother, his sister, and Mr. Peacock. Based upon the assertions of his attorney, Owens waived his right to jury trial. Owens testified that when he waived his right to jury trial and submitted his case based upon the record of the prior trial he believed what his lawyer told him. He said he had not complained of the broken plea bargain in the intervening years because he had not understood the law and did not know that his rights were violated. Owens testified that although the deal was not mentioned on the record when he was sentenced, Kidd told him it would be brought up on appeal, but Owens did not see the brief on appeal.
All this was confirmed by Owens' attorney, Paul Henry Kidd. Kidd testified that on the day set for the retrial he told Owens a sentence agreement had been made because he thought such an agreement had been reached. Kidd testified that he understood that after the trial judge reviewed the record of the first trial, the worst that could happen was that applicant would receive a sentence of "whatever the first sentence was and the sentences would run concurrently. Kidd was not called upon, either by Owens at the time of the waiver or by the State's representative during the evidentiary hearing, to explain what would have happened under his purported sentence agreement if the trial court found applicant guilty of aggravated rape which carries a mandatory sentence of life imprisonment without benefit of parole, probation or suspension of sentence. However, Kidd specifically testified that he told applicant the terms of the agreement with the trial judge. He added that only he and the trial judge had been present when the agreement was made.
Applicant's mother testified that Kidd and Peacock represented her son. She testified that Kidd told her that if the evidence from the first trial was submitted to the trial court, her son would not have to serve more than seven years. She testified that Peacock told her the same thing, even though Peacock did not specifically object to the broken agreement when he appeared with Owens at the sentencing. However, an objection to the sentence was apparently made, and an appeal followed.
Judge Ingram, the judge to whom the record was submitted for review and who found Owens guilty of forcible rape, and Earl Cox, the assistant district attorney handling the case, both testified at the hearing. Judge Ingram denied having made any deal involving applicant's sentence on the retrial of the aggravated rape charge. Judge Ingram testified that it was his policy at that time not to engage in sentence bargains. Mr. Cox was also unaware of any plea or sentencing agreement.
In Duncan v. Louisiana, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968), the U.S. Supreme Court held that the Sixth Amendment, as applied to the states through the Fourteenth, requires that defendants accused of "serious crimes" be given the right to trial by jury. The Court later defined "serious crimes" as those in which the possible penalty exceeds six months imprisonment. Baldwin v. New *832 York, 399 U.S. 66, 90 S.Ct. 1886, 26 L.Ed.2d 437 (1970).
The right to a jury trial may be waived in a non-capital case, but the waiver must be knowing and intelligent. LSA-Const. Art. 1, § 17; LSA-C.Cr.P. Arts. 780 and 782; State v. Jackson, 450 So.2d 621 (La.1984).
Here, the consequences of the waiver of jury trial were misrepresented by applicant's lawyer, Paul Henry Kidd. Since the trial court had not agreed to a sentence limitation, Owens faced a life sentence if convicted as charged. Even if the trial court found him guilty of a lesser and included offense, Owens still faced the maximum possible sentence for the offense of conviction.
Owens' waiver of his right to a jury trial, having been induced by a false representation of the consequences thereof, was not made knowingly and intelligently. Although the sentencing judge did not agree to a sentencing "cap", the evidence is virtually uncontradicted that attorney Kidd did tell applicant that a sentence cap had been arranged, thus inducing applicant to waive the rights attendant to a jury trial and inducing him to submit the aggravated rape charge to the court for trial on the record of the prior trial. The waiver of the right to a jury trial having been improperly induced, we grant the writ and make it peremptory.[3]

CONCLUSION
The conviction for forcible rape is reversed and set aside. Applicant's sentence is vacated and the case is remanded to the trial court for further proceedings on the original charge of aggravated rape with applicant being granted the opportunity to plead anew to that charge.
WRIT GRANTED AND MADE PEREMPTORY; CASE REMANDED.

APPLICATION FOR REHEARING
Before MARVIN, SEXTON, NORRIS, LINDSAY and VICTORY, JJ.
Rehearing denied.
NOTES
[1] We note that the agreement to submit the previous record for review is highly unusual. However, in light of our disposition of this case, we are not required to rule on the propriety of this procedure.
[2] Our previous order provided, in part:

However, the record does not reflect that the trial court considered applicant's claim that counsel induced applicant to waive his right to trial and the rights attendant thereto on a representation that counsel had negotiated a sentence with a cap with the trial court in the event of conviction. This is a factual claim which appears insusceptible of resolution under LSA-C.Cr.P. Arts. 928 and 929.
Accordingly, we grant the writ in part and remand the wrongful inducement claim for the trial court to proceed to consider this claim in accordance with LSA-C.Cr.P. Arts. 928 through 930 and 930.7(B), as appropriate.
[3] We defer to the district court authorities on the question of whether a disciplinary complaint should be filed against Mr. Kidd with the Louisiana State Bar Association. If, as the trial court found, Mr. Kidd had no reasonable basis to belive a sentencing cap had been agreed to by the trial judge, then Mr. Kidd acted improperly in advising his client to waive his right to jury trial in view of the non-existent cap.