615 So.2d 1335 (1993)
STATE ex rel. James MILLER, Jr.
v.
John WHITLEY, Warden.
No. 92-KP-2733.
Supreme Court of Louisiana.
April 2, 1993.
Rehearing Denied April 30, 1993.
*1336 PER CURIAM:
Granted. Relator's guilty pleas are vacated and his sentences set aside; this case is remanded to the district court for further proceedings in accord with the law.
A plea of guilty will not be set aside upon a defendant's unfulfilled expectation of gaining release as early as possible. State ex rel. Turner v. Maggio, 463 So.2d 1304, 1306 (La.1985). However, if a guilty plea is induced by a plea bargain, or by what a defendant justifiably believes was a plea bargain and he pleaded guilty in part because of that justifiable belief, the bargain must be enforced or the relator be allowed to withdraw from the plea. State ex rel. Ballet v. Blackburn, 565 So.2d 425 (La.1990); State v. Dixon, 449 So.2d 463, 464 (La.1984); State v. Hayes, 423 So.2d 1111, 1113-1114 (La.1982); State ex rel. LaFleur v. Donnelly, 416 So.2d 82, 84 (La. 1982); State v. Jones, 398 So.2d 1049 (La. 1981); State v. Galliano, 396 So.2d 1288 (La.1981); State v. Neitte, 363 So.2d 425 (La.1978).
Relator demonstrated below that he was led to believe by counsel, on the basis of conversations between counsel and the District Attorney, that the state would not oppose any attempt to have his sentences commuted to concurrent terms if the judge imposed consecutive life penalties on his guilty pleas, and that he would be released from the penitentiary, on good behavior, in 10 years and 6 months from that date. The record shows that counsel accurately conveyed the substance of his conversation with the District Attorney. Relator's belief that early release would follow commutation of his sentences to concurrent terms thus stemmed from specific guarantees made in connection with his case and went beyond mere expectation based generally on prevailing policy regarding commutation of life terms and 10/6 release.
Based on the evidence presented below, relator justifiably relied on the representations made to him when he entered his guilty pleas, and is entitled to withdraw those pleas as involuntary on the basis of the state's failure to release him from custody 10 years and 6 months after commutation of his life sentences to concurrent terms by the governor in 1972.
RELATOR'S GUILTY PLEAS VACATED AND SENTENCES SET ASIDE; CASE REMANDED TO THE TRIAL COURT FOR FURTHER PROCEEDINGS ACCORDING TO LAW.