STEWART, Judge.
Ricky Lynn McBroom pled guilty to two counts of simple rape and was sentenced to twenty-five years imprisonment at hard labor on each count, sentences to run consecutively. McBroom argues that he received an excessive sentence and that his guilty plea was not made voluntarily. For the following reasons, we reverse his conviction and remand this case to the trial court for further proceedings.
FACTS
On March 2, 1992, Ricky Lynn McBroom was indicted on three counts of aggravated rape of a ten-year-old girl. On October 7, 1992, McBroom pled guilty to two counts of simple rape pursuant to a plea bargain agreement. On November 18,1992, the trial court sentenced McBroom to twenty-five years imprisonment at hard labor on each count, sentences to run consecutively.
On November 23, 1992, McBroom filed four motions in which he argued that the State had breached an agreement in which McBroom was to receive concurrent sentences. The trial court took these motions under advisement and issued a written order on April 23, 1993 denying all four motions because: (1) no other evidence besides the defendant’s contention was submitted to prove that the District Attorney’s Office offered him a plea bargain with sentences to run concurrently, and (2) during the defendant’s Boykinization, McBroom was specifically asked and he answered that he understood the sentence involved with his plea. McBroom has appealed his conviction and sentence making two assignments of error.
DISCUSSION
McBroom argues the trial court failed to abide by the plea agreement; therefore, he should be allowed to withdraw his plea. In order for a guilty plea to be valid, the record must show that the plea was a voluntary and intelligent relinquishment of the defendant’s right to a jury trial, his right to confront his accusers, and his privilege against self-incrimination. State v. Evans, 475 So.2d 128, 130 (La.App. 2d Cir.1985). A guilty plea predicated on a breached plea *918 bargain agreement is not voluntary and intelligent and due process requires that the defendant have the right to withdraw such a plea. Id. Even if there was no plea bargain, if a defendant justifiably believes there was and pled guilty in part because of that justifiable belief, the guilty plea was not knowingly made. In such a case, the plea must be set aside and the defendant allowed to plead anew. State v. McFarland, 578 So.2d 1014, 1016 (La.App. 4th Cir.1991); see also, State v. Hayes, 423 So.2d 1111 (La.1982); State ex rel Miller v. Whitley, 615 So.2d 1335, 1336 (La.1993); State v. Dixon, 449 So.2d 463, 464 (La.1984). A trial court decision to refuse to allow a defendant to withdraw his guilty plea will not be overturned absent an abuse of discretion. State v. Essex, 618 So.2d 574, 578 (La.App. 2d Cir.1993); State v. Helsley, 457 So.2d 707, 713 (La.App. 2d Cir.1984).
There are four pieces of evidence in the record pertaining to the voluntariness of McBroom’s plea: (1) the plea negotiations between the State and MeBroom’s attorneys, (2) the stipulations made by McBroom’s attorney, (3) the stipulations made by the State, and (4) McBroom’s testimony during his Boykinization. During the plea negotiations, the State initially offered to allow McBroom to plead guilty to one count of forcible rape, which would have exposed him to a maximum of forty years of imprisonment. McBroom received this plea offer because the State was justifiably cautious about the trauma that a trial might inflict on the ten-year-old victim. McBroom rejected this offer. The prosecution then offered to allow McBroom to plead guilty to two counts of simple rape which would expose him to a maximum of fifty years of imprisonment (twenty-five years on each count) if the sentences ran consecutively.
At the hearing on McBroom’s motion to withdraw his guilty plea, McBroom’s attorneys stipulated that
it was our understanding during the plea negotiations that the DA’s Office would make a recommendation that those sentences would run concurrently, that we made that proposal to Mr. McBroom based on the — based on the assumption that those would run concurrently and that his acceptance of the plea and his plea of guilty was based on those sentences running concurrently.
The stipulation by McBroom’s attorneys is tantamount to an admission of incompetency of counsel.[1] Both defense counsel induced McBroom to plead guilty to two counts of simple rape when they were armed with no more than an agreement by the DA to recommend to the court that McBroom receive concurrent sentences. Experienced, competent counsel would never have rendered the advice McBroom received without an agreement by the sentencing judge before entry of the guilty plea. There is no indication that the judge ever participated in any discussions about sentencing prior to McBroom’s entry of a guilty plea. See State v. Lewis, 414 So.2d 703, 704 (La.1982) (sentencing is within the purview of the trial court). Nonetheless, the State did not deny that it had agreed to recommend concurrent sentences, instead it stated that it could not remember whether it had agreed to make such a recommendation. At the hearing, the State stipulated that
although there was no specific recollection of any potential or possible concessions that could be made during sentencing that the State is confident that it did not participate in sentence bargaining, did not in any way agree upon any sentence that the defendant would receive and the State would not have been so presumptuous as to usurp Your Honor’s province and assure *919 the defendant of receiving any particular sentence.
The only other evidence concerning the voluntariness of McBroom’s plea is his Boyk-inization. During the Boykin colloquy, the trial court asked McBroom a series of questions to ascertain his understanding of the offense and the rights he would waive if he pled guilty. At the conclusion of the colloquy, the trial court asked the following questions:
Q. [D]o you understand that you face the maximum penalty of fifty years imprisonment at hard labor and do you understand that if the circumstances are appropriate that I would not hesitate to impose that sentence upon you?
A. Yes, sir.
Q. And, keeping all of that in mind, is it fully your desire, under your affirmation, to plead guilty to two counts of simply rape because you committed those crimes?
A. Yes, sir.
On its face, the Boykin colloquy is unassailable. The problem in this case is created by the representations made by defense counsel to McBroom.
Even assuming that the State did not engage in “sentence bargaining,” the issue becomes whether McBroom justifiably believed that a plea bargain agreement existed., See McFarland, supra. It is unlikely under the circumstances of this case that McBroom would reject a plea agreement that would expose him to a maximum of forty years of imprisonment for a plea agreement that would expose him to a maximum of fifty years of imprisonment without some assurances from his lawyers that concurrent sentences could be obtained. The uncontradict-ed stipulations of McBroom’s attorneys that they advised their client to plead guilty to two counts of simple rape based on a prosecution recommendation he would receive a maximum of twenty-five years of imprisonment base supports McBroom’s motion to withdraw his guilty plea. Thus, the evidence in the record supports the contention that McBroom justifiably believed that a plea bargain agreement had been made where he would receive only twenty-five years of imprisonment.
The facts in this case are similar to the facts in State v. Owens, 596 So.2d 829 (La. App. 2d Cir.1992), writ denied, 600 So.2d 678 (La.1992). In that case, the defendant believed that he had a bargain with the trial judge and district attorney. His attorney had told him that if he waived his right to a jury trial and was found guilty, he would receive a sentence of no more than seven years which would run concurrently with his other seven year sentence. In fact no deal had been made with the district attorney or the trial judge and the defendant was sentenced to twenty years of imprisonment. This court held that the defendant had been improperly induced to waive his right to a jury trial by his attorney and therefore the waiver had not been a knowing and voluntary relinquishment of his right. Id. at 832. Similarly, in this case, McBroom was induced to plead guilty due to the misrepresentation by his attorneys that a plea bargain existed in which he would receive concurrent sentences of twenty-five years.
The State argues that McBroom is dissatisfied with his “roll of the dice” on sentencing. McBroom rejected a “bird in the hand” (forcible rape, forty years maximum) for a chance at “two in the bush” (two counts of simple rape, twenty-five years each running concurrently). According to the State, McBroom is no different from any other defendant who guesses wrong on the sentencing and he should not now be heard to complain. The State’s argument is persuasive, however on this record, we cannot overlook the constitutional impact of a guilty plea which is tainted by representations made by ineffective counsel. We conclude that McBroom’s guilty plea was not freely and voluntarily entered. Consequently, we reverse the conviction and sentence.
CONCLUSION
Because McBroom did not knowingly waive his rights, when pleading guilty to two counts of simple rape, his conviction is overturned. The decision on this issue preter-mits the discussion of McBroom’s other as *920 signment of error. This case is remanded to the trial court for further proceedings on the original indictment of three counts of forcible rape with McBroom given an opportunity to plead anew. The trial court is ordered to appoint new counsel for defendant, McBroom.
REVERSED AND REMANDED FOR DEFENDANT TO PLEAD ANEW.
VICTORY, J, dissents.

. In U.S. v. Rumely, 698 F.2d 764 (5th Cir.1983), the defendant pled guilty based on his attorney’s erroneous advice that it reduced his maximum potential sentence from thirty years to five years. The attorney's advice was based on his misinterpretation of the defendant's indictment. The court, in finding that the attorney’s advice constituted ineffective assistance of counsel, stated that advice need not be perfect, but it must be reasonably competent. His advice should permit the accused to make a conscious choice. If the quality of counsel service falls below a certain level, the client’s guilty plea cannot be knowing and voluntary. Id., at 766 (citing Herring v. Estell, 491 F.2d 125, 128 (5th Cir.1974); see also, Cooles v. United States, 461 F.2d 530 (5th Cir.1972).