732 So.2d 638 (1999)
STATE of Louisiana, Appellee,
v.
James W. BERRY, Jr., Appellant.
No. 31,861-KA.
Court of Appeal of Louisiana, Second Circuit.
March 31, 1999.
*639 Lavelle B. Salomon, Counsel for Appellant.
Richard P. Ieyoub, Attorney General, William R. Coenen, Jr., District Atty., Penny Wise Douciere, Asst. Dist. Atty., Counsel for Appellee.
Before WILLIAMS, STEWART and GASKINS, JJ.
WILLIAMS, J.
The defendant, James W. Berry, Jr., was initially charged by bill of information with three counts of forcible rape, violations of LSA-R.S. 14:42.1. After a plea agreement, the state amended the bill of information to charge the defendant with one count of carnal knowledge of a juvenile, a violation of LSA-R.S. 14:80. The other counts were dismissed. The defendant pled guilty to the amended bill of information and was sentenced to serve ten years imprisonment at hard labor. A motion to reconsider sentence and an *640 amended motion to reconsider sentence were denied. The defendant appeals urging eight assignments of error. For the following reasons, we affirm.

FACTS AND PROCEDURAL HISTORY
The record discloses that on three separate occasions, the defendant, age twenty-six at the time of the offense, had sexual intercourse with a thirteen-year-old female. The offenses occurred in October 1995 and February 1996. The victim denied having given consent to any of these three acts of intercourse, stating that she had struggled with and, in fact, scratched the defendant in order to prevent the intercourse. The defendant gave a full confession to the police, wherein he admitted having intercourse with the victim, but denied her lack of consent.
Defendant was arraigned on April 24, 1996, and the original trial date was set for September 16, 1996. The defendant made ten different court appearances, three with his retained trial counsel, Paul Kidd, several by himself and several with Cameron Murray, who was, at the time of the defendant's plea, practicing law with Kidd. Although the record does not reflect which defense attorney negotiated the plea with the state, Murray was present for the tendering of the plea. On June 25, 1997, the prosecution dismissed the first two counts of forcible rape and amended the third count to carnal knowledge of a juvenile. The defendant pled guilty to the amended charge. During sentencing, the defendant appeared in court with Kidd. The defendant was sentenced to serve ten years at hard labor.

DISCUSSION

Assignment of Error Nos. 7 and 8

Invalid Guilty Plea
By these assignments, the defendant contends the trial court erred in accepting his guilty plea because the plea was not voluntarily and intelligently entered. He argues that the plea was negotiated between the defendant and the district attorney without the knowledge or consent of defendant's retained counsel. Defendant further contends he believed that his plea agreement with the district attorney's office obligated the state to make a recommendation of a suspended sentence with probation.
In order for a guilty plea to be valid, the record must show that the plea was a voluntary and intelligent relinquishment of the defendant's right to a jury trial, his right to confront his accusers, and his privilege against self-incrimination. State v. McBroom, 25,781 (La.App.2d Cir.2/23/94), 632 So.2d 916; State v. Evans, 475 So.2d 128, 130 (La.App. 2d Cir.1985). A guilty plea predicated on a breached plea bargain agreement is not voluntary and intelligent and due process requires that the defendant have the right to withdraw such a plea. State v. Evans, supra. Even if there was no plea bargain, if a defendant justifiably believes there was and pled guilty in part because of that justifiable belief, the guilty plea was not knowingly made. In such a case, the plea must be set aside and the defendant allowed to plead anew. State v. McBroom, supra; State v. McFarland, 578 So.2d 1014, 1016 (La.App. 4th Cir.1991); see also State ex rel Miller v. Whitley, 615 So.2d 1335, 1336 (La.1993); State v. Dixon, 449 So.2d 463 (La.1984).
In the present case, the record is devoid of any evidence to support the defendant's allegation that the district attorney induced the defendant to plead guilty, ex parte, and outside of the presence of his counsel. In fact, the minutes show several occasions when the defendant appeared in open court for scheduled hearings but neither defense counsel Kidd nor his associate, Murray appeared. On those occasions, the assistant district attorney reassigned the matter for a later date when defense counsel could be present. Murray was present for the entirety of the plea and made no contemporaneous objections *641 to the plea. The defendant benefited from the plea, i.e., the reduction from three counts of forcible rape to one count of carnal knowledge of a juvenile, and consequently, a reduction in incarceration exposure from 120 years to 10 years.
Further, the record reflects that, during the Boykin colloquy, the trial judge informed the defendant, "Now you understand that in this case I do not know what penalty will be imposed. I've read to you the possible penalty and what I will do is order a pre-sentence report ... after I receive any information you or your attorney would like me to consider, then I'll determine what sentence I think should be imposed, do you understand that?" The defendant responded, "Yes sir." Additionally, the trial court asked the defendant, "Has anyone made any threats or promises concerning this case other than what we've discussed here in the courtroom?" The defendant responded, "No sir."
The defendant argues that the following colloquy by his trial counsel and the trial court indicates that there were direct plea negotiations with the defendant while trial counsel was not present:
MR. KIDD: Judge, if I might interject at this point. This plea agreement was worked out independently of my advice and I'd like for him to acknowledge that he enters this plea and he wanted to do that, because the facts that he told me were quite different than the facts that have been recited by the Court, and I haven't put up any defense or challenged anything because it was a decision he wanted to make. He knows what his rights are and so forth. I just thought I'd say that for the record.
COURT: Okay. Do you want a response from him? I don't understand, really.
MR. KIDD: Iyou still want to plead?
MR. BERRY: Yes, sir.
MR. KIDD: I just want it stated in the record ...
COURT: Well, now, he's already pled, it's not at issue as to whether he can withdraw ...
MR. KIDD: I know, I mean from the standpoint of whether he's withdrawing or wanting to go ahead, but he says he wants to go ahead.
Contrary to defendant's assertions, the above colloquy merely shows that counsel was aware of the plea agreement, he had discussed the plea agreement with the defendant and he wanted the record to reflect that he disagreed with the defendant's decision to plead guilty.[1] We find the defendant's assignments meritless.

Assignment of Error Nos. 1-6

Excessive Sentence
By these assignments, the defendant challenges the sentence imposed as constitutionally excessive. He also argues that the trial court failed to articulate reasons for the sentence imposed and to consider mitigating circumstances present.
A trial court has wide discretion to sentence within statutory limits. Absent a showing of manifest abuse of discretion, we do not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La.1983); State v. Thompson, 25,583 (La. App.2d Cir.1/19/94), 631 So.2d 555. The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show adequate consideration of the criteria set forth in LSA-C.Cr.P. art 894.1.; State v. Smith, 433 So.2d 688 (La. 1983). The trial court is not required to list every aggravating or mitigating circumstance so long as the record reflects adequate consideration of the guidelines of the article. State v. Smith, supra; State v. Gene, 587 So.2d 18 (La.App. 2d Cir. 1991), writ denied, 604 So.2d 993 (La. *642 1992). The articulation of the factual basis for the sentence is the goal of LSA-C.Cr.P. art 894.1, not rigid or mechanical compliance with its provisions. Remand is unnecessary when a sufficient factual basis for the sentence is shown. State v. Lanclos, 419 So.2d 475 (La.1982). Important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of the offense, and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981).
The second inquiry concerns whether the incarceration is too severe considering the circumstances of the case and the background of the defendant. A sentence violates La. Const. Art. 1 § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980); State v. Gene, supra. A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Richardson, 545 So.2d 714 (La.App. 2d Cir.1989).
A substantial advantage obtained by means of a plea bargain, such as a reduction of the charge where the evidence shows the offender is guilty of the more serious offense originally charged, is a legitimate consideration in sentencing. State v. Smack, 425 So.2d 737 (La.1983). State v. Bates, 29,252 (La.App.2d Cir.1/22/97), 711 So.2d 281.
A trial court is not required to render a suspended sentence or probation for a first (or qualifying second) felony offense. The court may consider whatever factors and evidence are deemed in the best interest of the public and the defendant. State v. Strange, 28,466 (La.App.2d Cir.6/26/96), 677 So.2d 587; State v. Woodman, 28,004 (La.App.2d Cir.1/24/96), 666 So.2d 1255, writ denied, 96-0489 (La.5/3/96), 672 So.2d 696.
The present record shows more than adequate compliance with LSA-C.Cr.P. art. 894.1. The trial judge reviewed a presentence investigation report for the defendant and enunciated several reasons for imposing the ten-year sentence at hard labor. The judge noted that although forcible rape took place on three different occasions, the defendant had been allowed to plead guilty to one count of carnal knowledge of a juvenile. He also noted that the victim was a minor who has had psychological problems and problems in school since these incidents. He stated that the victim had anal intercourse forced upon her, and the defendant's conduct during the offense manifested deliberate cruelty to the victim.
In mitigation, the trial judge noted that the defendant is married and the father of three children. He also noted that the defendant is a first-felony offender with a good employment history, and that the court had been contacted by defendant's employer on his behalf. However, the trial judge also noted that the defendant had taken advantage of the fact that he was a friend and co-worker of the victim's father to facilitate the commission of the offense.
Based upon this record, the sentence imposed by the trial court is not an abuse of its discretion. The sentence is not grossly out of proportion to the seriousness of the offense and does not shock one's sense of justice. Therefore, the sentence is not constitutionally excessive.
These assignments lack merit.
We have reviewed the record for errors patent and found none.

CONCLUSION
For the foregoing reasons, the defendant's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] Defendant filed a pro se motion to reconsider sentence stating that he had ignored the advice of his (trial) counsel and negotiated a plea with the assistant district attorney.