# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

STATE OF LOUISIANA

VERSUS

GLEN LIVAS

NO. 2024 KW 1040

FEBRUARY 28, 2025

---

In Re: Glen Livas, applying for supervisory writs, 19th Judicial District Court, Parish of East Baton Rouge, No. DC-22-01499.

---

BEFORE: PENZATO, STROMBERG, AND CALLOWAY,[1] JJ.

**WRIT GRANTED.** The district court's ruling denying relator's "Motion to Enforce Plea Bargain" is vacated. When determining the validity of plea bargain agreements, Louisiana courts look to the rules of contract law. It is recognized that a criminal defendant's constitutional right to fairness may be broader than his rights under contract law. See **State v. Paige**, 2024-0142 (La. App. 1st Cir. 11/21/24), 2024 WL 4850505 at *1 (unpublished). "If a guilty plea is induced by a plea bargain, or by what a defendant justifiably believes was a plea bargain and he pleaded guilty in part because of that justifiable belief, the bargain must be enforced or the defendant be allowed to withdraw from the plea." **State ex rel. Miller v. Whitley**, 615 So.2d 1335, 1336 (La. 1993) (per curiam). Further, a defendant's receipt of misinformation as to his sentencing exposure may impede, if not foreclose, his ability to make a voluntary and intelligent choice among alternatives. **State v. Johnston**, 2018-0604 (La. 8/31/18), 251 So.3d 400 (per curiam).

Here, relator filed a motion to enforce a plea agreement. However, the enforcement of the plea agreement is not an option herein as custody and supervision of parolees and revocation of parole are governed by La. R.S. 15:574.7 et seq. Therefore, the matter is remanded to the district court for a hearing to determine if the defendant desires to withdraw his plea and thereafter a determination by the court following an evidentiary hearing as to the impact of the parole revocation on the voluntary nature of the plea in light of the totality of the circumstances. See e.g. **State ex rel. Miles v. State**, 2002-1843 (La. 9/5/03), 855 So.2d 732 (per curiam).

AHP
TPS

**Calloway, J.**, concurs and would grant the writ. I find that, here, the record supported relator's claim, which the State conceded, that the misinformation concerning relator's parole was an inducement to his plea. Therefore, I would remand the matter to the district court to hold a hearing to allow relator the opportunity to withdraw his plea if he persists in that desire after consulting with counsel. See **State v. Rideau**, 2019-02092 (La. 8/14/20), 300 So.3d 839 (per curiam).

COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT
FOR THE COURT

---

[1] **Calloway, J.**, serving as judge *pro tempore* of the Court of Appeal, First Circuit, by special appointment of the Louisiana Supreme Court.